Hunter
v.
Le Conte.

Though a tender of rent is good on the land ; yet a personal tender is also good off the land.

A personal tender before distress, makes it tortious ; and such tender afterwards, and before impounding, makes the detainer unlawful ; but tender, after impounding, makes neither the one nor the other unlawful.

In replevin, a plea of tender, to an avowry or cognizance, need not say *tout temps prist ;* nor make a profert of the money in court.

A tender of rent takes away a right to distrain, till a subsequent demand and refusal.

But a tender does not take away the right to sue for the rent as for a debt. It only saves interest and costs.

A tender of rent makes a distress wrongful, though the tender be not made till after the rent day.

But if costs have been incurred by the landlord, as if he have drawn a warrant of distress, or, in the city of *New-York*, made and filed the necessary affidavit, these costs must also be tendered, or the distress will be lawful.

The affidavit of rent due, in the city of *New-York*, required by the statute (*sess*. 38, *ch*. 153,) to be made and filed, before distress, is, *prima facie*, sufficient, though the *jurat* be subscribed simply with the name of the officer before whom it is taken, without the addition of his title of office.

## HUNTER *against* LE CONTE and ELLIS.

ON error from the C. P. of *New-York*. The action in the court below was replevin, by *Hunter* against *Le Conte* and *Ellis*, for goods taken in the city of *New-York*. *Le Conte* avowed, and *Ellis*, as his bailiff, made cognizance of the taking of the goods on the 20th of *February*, 1824, as a distress for $62,50 rent, due *February* 1st, 1824, on a demise of premises in the city. *Pleas*, 1. that the defendant, *L*. did not file an affidavit of rent being due, under the statute, (*sess*. 38, *ch*. 153, 3 *L. N. Y.* 156, *c*.;) and 2. that before distress made, viz. on the 16th of *February*, 1824, the plaintiff tendered the $62,50, which was refused ; and no demand afterwards made of the money. Replication to the 1st plea, that an affidavit was filed ; and to the 2d, that after rent due, and before tender, the defendant, *L*., was put to the expense of a distress warrant and filing the affidavit, which the plaintiff refused to pay, concluding the last with a verification. Issue on the 1st, and demurrer and joinder on the last replication.

The court below decided the demurrer against the plaintiff, on the ground that his plea was defective in not averring that the tender was on the land. On the trial of the issue of fact, the defendants showed an affidavit, duly filed *February* 14th, 1824, in the clerk's office of the city of *New York*, the jurat whereof was signed *H. Abell*, without any addition. This was objected to as inadmissible on that ground. It was received, however, as competent, and the plaintiff excepted.

ALBANY,
Feb. 1827.

Hunter
v.
Le Conte.

*W. Mulock*, for the plaintiff in error.

Though a tender on the land would have been sufficient, (*Co. Lit.* 202, *a* ; 7 *Rep.* 370 ; *Co. Lit.* 105, *a ; Hob.* 208 ; *Ro'. Abr.* 427 ;) a personal tender is equally so. (8 *John. Rep.* 370. 2 *Chit.* 681.)   A tender, after the rent falls due, and at any time before impounding, is good. (17 *Vin. Abr.* 592, *Rent.*)

The landlord could not distrain for the costs of the distress warrant and affidavit.   The statute, (1 *R. L.* 435, *s.* 5,) allows no charges incurred before distress made. Beside, as to the warrant, it was unnecessary.   The landlord might have distrained in person.   The statute, requiring the affidavit, makes no provision that it shall be paid for.   We were not liable in any shape for either of these charges.

The objection on the bill of exceptions, is also sufficient ground for reversal. (*Stat. sess.* 38, *ch.* 153. 3 *Caines,* 128.)   The tenant, by his default, making a distress warrant and affidavit necessary, should be holden to pay for it.

*J. R. Hedley*, contra.

If the plea of a personal tender of rent, not saying on the land, be good, yet it should aver, that the tenant was always ready, and still is ready ; and he should bring the money into court. (*Story's Pl.* 422. *Willes,* 632. 2 *Wils.* 74.)

The signature, " *H. Abell,*" to the jurat was sufficient. His office might have been shown, by extrinsic evidence ; thus making out a compliance with the statute.

*Mulock* said, *tout temps prist* cannot be a necessary averment.   The action is not to collect the debt.   That is not in question ; but whether the distress was rightful or wrongful.   The tender made it wrongful. (2 *Chit. Pl.* 633 *and* 498.)

*Curia, per* SAVAGE, Ch. J.   1. As to the demurrer. The defendants, no doubt, have a right to shew that the plaintiff's plea is defective in substance.   The objection taken by the judge was, that the tender should have been

on the land. Another exception is now taken, to wit: that the plaintiff did not say he was always ready after the tender, and bring the money into court.

There are authorities which say, that when rent is payable on a particular day, it must be demanded on the land; and also that a tender on the land is good, and prevents a forfeiture. (*Co. Lit.* 201, *b.* 211, *a.*) But *Hargrave*, in a note on this subject, states that a tender " to the lessor himself, either upon, or out of the land, is good." In *The Six Carpenters' case*, (8 *Co.* 292,) it is said, " tender upon the land, before the distress, makes the distress tortious; tender after the distress, and before the impounding, makes the detainer, and not the taking, wrongful; tender after impounding, makes neither the one nor the other wrongful; for then it comes too late." The same doctrine is found in other books. In *Woodfall*, 315, it is said a distress must not be made after tender of payment. These authorities say, that tender on the land is good, even when the landlord comes to distrain; but it does not follow, that it is not also good off the land. I cannot see how the place of a tender, after a default by the tenant, can be material. If the rent is tendered in any place, to the landlord, he can ask nothing more; and a distress becomes not only unnecessary, but vexatious. In *Slingerland* v. *Morse*, (8 *John.* 476, 7,) the court say, " the general rule is, that if no place be appointed for the payment, or performance, a tender to the person is good; and this too, in cases in which a personal tender was not required, as of rent issuing out of land." *Cropp* v. *Hambleton*, (*Cro. E.* 48,) is a direct authority, that tender off the land is good.

The next objection to the plea is, that there should have been an averment of *tout temps prist*. This objection is well answered by the plaintiff's counsel. The question is, not as to the debt which is tendered; but as to the regularity of the distress. Suppose the money were brought into court; what effect could that have on the cause? The question here is, whether the defendants were not trespassers? The precedents referred to in *Chitty*, (2 *Chit.*

*Pl.* 633 *and* 498,) shew that, in replevin, no such averment is necessary, though in covenant it is. And the reason I apprehend to be, that a tender takes away the right to distrain, till a subsequent demand and refusal. But a tender does not take away a right to prosecute on the covenant. It only prevents the recovery of interest and costs. In *French* v. *Watson*, (2 *Wils.* 74,) no tender was pleaded; but only a readiness to pay, which the court say is not issuable. In *Horn* v. *Lewin*, (1 *Salk.* 583 ; 1 *Ld. Raym.* 639, *S. C.*) it was determined that a profert of the money was not necessary in replevin ; and in that case, the money was brought into court and accepted ; but all was held superfluous, because the question was, whether the distress was rightful. In my judgment, therefore, the plea is good.

I can see no fault in the replication in point of form. It protests the tender, which, as to this cause, admits it ; because it is not denied.

But other matter is set up, which it is supposed avoids the tender, to wit, that costs had been incurred which should have been paid.

From the cases cited, it seems that a tender of the rent before an actual distress, renders the distress unlawful, but the case of costs incurred is not attended to. It is highly reasonable that costs should be paid, when they have been properly and fairly incurred. The rent was due on the 1*st* of *February*. The affidavit was filed on the 14*th*, the tender on the 16*th*, the distress was on the 20*th*. Before the tender, a warrant had been made to a bailiff. Our statute directs the retaining of the charges in case of sale. (1 *R. L.* 435.) A fair construction of the act, I think, must entitle the party distraining to his lawful costs at any time, after they have been incurred. It seems to me, therefore, that the replication is good, both in form and substance.

If I am right in my conclusion, the judgment of the court below, upon the demurrer, must be affirmed.

2. The only remaining question, is that arising on the bill of exceptions. By the act already referred to, no land-

ALBANY,
Feb. 1827.

lord shall distrain the goods of his tenant in the city of *New-York*, unless he, or his agent, shall " make an affidavit before a justice of the peace, or other magistrate in the said city and county, authorized by law to administer oaths," &c. It does not appear by the affidavit, that *H. Abell* was a magistrate authorized to administer oaths ; nor was the fact proved or offered to be proved, or disproved, in the court below.

It is fairly inferable, that the fact of his being a justice was conceded. But it was contended that his official character should appear affirmatively. We think that the fact of Mr. *Abell's* taking an affidavit, and of the clerk's receiving and filing it, were, *prima facie,* sufficient ; and threw on the other side the burthen of proving the want of authority. The judgment must, therefore, be affirmed.

Judgment affirmed.