# JOSEPH TRIPP *et al.*

## *v.*

## EDWARD GROUNER.

1. DISTRESS FOR RENT—*irregularities—case—trover.* Where rent was in arrear, and property was distrained for its payment, and after having the amount of rent due ascertained before a justice of the peace, the constable making the distress sold the property without first having it appraised, as required by the statute, and after a tender of rent and costs, whereupon the tenant brought an action with two counts in case for not returning the property, and one in trover: *Held,* that trover will lie in such a case; that the statute requires the property to be appraised before it can be sold, and the requirement must be observed.

2. DAMAGES—*measure of.* In such a case, after the sale, when the proceeds of the sale are applied to the payment of the rent due, it is error for the court to instruct that the value of the property, when converted, is the measure of damages, as the amount applied to the payment of the rent should go in mitigation, as it was applied to the payment of plaintiff's debt.

3. DAMAGES—*vindictive.* Where an officer only omits a duty unintentionally, as was done in this case, and has not acted wilfully or oppressively, punitive damages should not be allowed. If the tender was made, it was not urged on the trial before the justice, and the person entitled to receive the rent having signified a willingness to receive it, after it was claimed to have been made, these are acts tending to show that the proceeding was not wilful, and as precluding a recovery of vindictive damages.

4. SAME—*excessive.* Where the verdict is flagrantly excessive, the court will reverse the judgment for that reason.

APPEAL from the Circuit Court of Cook county ; the Hon. HENRY BOOTH, Judge, presiding.

Mr. THEODORE SCHINTZ, for the appellants.

Messrs. COOPER & PACKARD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by Grouner against Tripp, Friedrick & Michelson, to recover damages on account of alleged irregularities in conducting a distress of certain personal property which was distrained and sold, for rent due to Friedrick, by virtue of a distress warrant.

Michelson was the constable who distrained and made the sale. Tripp was a land agent, and agent of Friedrick for the collection of his rent, and had direction of the proceeding. Friedrick, the landlord, does not appear to have had any active participation in it, being absent from town when the distress was made, and Tripp signing his name to the distress warrant, though Tripp testifies he had authority to do so, and that the sale was by authority of Friedrick.

The irregularities complained of are, refusing to restore the property after tender of the rent in arrear and costs, and making sale of it without an appraisement.

There are three counts in the declaration, upon which the cause was finally tried: two for not restoring the property after the alleged tender, and the other in trover.

The first point made by the appellants is, that the counts are not maintainable for these irregularities.

It is deemed only necessary to consider whether trover lies for not making the appraisement, as, if it does, a recovery may be supported under that count.

The statute enabling sale to be made of goods distrained for rent, provides that, in case of a distraint and failure to replevy, "the person distraining, or his agent duly authorized, may, with the sheriff or constable of the county, cause the

goods and chattels so distrained to be appraised by two reputable freeholders, under oath, which oath may be administered by such sheriff or constable, to appraise said goods and chattels," and then provides, after having obtained the assessment of the amount of rent due, as directed in a former section, that he may sell such goods and chattels.

The statute, in giving this power to make sale, regulates the mode of its exercise; and it prescribes, as one regulation, that this appraisement shall be had. We regard a compliance with this requirement of the statute as essential to authorize a sale, and that a sale of the distrained goods without such appraisement subjects the party making it to liability in an action of trover as for a wrongful disposition of the property.

The cases cited to the contrary seem to be cases arising under the statute of 11 Geo. 2, c. 19, sec. 19, and other similar statutes, taking away this species of action for an irregularity in the disposition of a distress.

A remaining question is made upon the subject of damages: that erroneous instructions were given in respect to them, and that they are excessive.

By the first and second instructions, the court laid down the measure of damages to be the actual value of the goods at the time of the conversion. Such is the general rule, but it has its exceptions and qualifications. The justice before whom the proceeding was had, assessed the amount of rent due $85, and $15.20 costs. This amount of the plaintiff's indebtedness, $100.20, was discharged by the produce of the sale, and we are of opinion that in this case a deduction of at least the sum of $85 of rent discharged should have been made from the measure of damages as laid down. *Pierce* v. *Benjamin*, 14 Pick. 356.

Where property, after having been wrongfully taken, is returned to the owner, that goes in mitigation of damages, and we think that when it is appropriated to the owner's benefit, by being applied in the satisfaction and discharge of a debt owing by him, that should be taken in mitigation of damages.

The court also instructed the jury, if they found the defendants guilty, and that they acted wilfully with intent to harrass and oppress the plaintiff, they might give exemplary damages by way of punishment.

We do not regard the present case as one calling for vindictive damages.

The distraint and sale were made by an officer of the law, a constable. The proceeding was rightly commenced. The copy of the distress warrant and an inventory of the goods distrained were filed with the justice July 18, 1870, and summons issued to Grouner returnable July 23, 1870. The tender of the rent is claimed to have been on the 20th of July. On the 23d of July the suit was continued by agreement of parties to the 26th of July, when both parties were present, evidence heard, and the rent due found by the justice to be $85. Grouner then admitted it to be right; he made no defense of a previous tender, nor did he even inform the justice that he had made one.

A. S. Trude, who held a chattel mortgage on the property, who appeared as the attorney of Grouner on the trial, testified that he, for Grouner, tendered to Tripp, July 20, 1870, $110, for the rent and costs, and he is supported by Grouner. Tripp denied that any tender was made.

After the supposed tender, and before the trial under the distress proceedings, Mr. Trude met Tripp at the office of Mr. Schintz, the attorney of Friedrick, Grouner seeming to be present, and Trude stated he had made the tender to Tripp, when Tripp denied that such tender was ever made. What took place on this occasion evinced, on the part of Schintz, as the attorney of Friedrick, a willingness to receive the rent; that that was all that Friedrick wanted, and might be considered as amounting to a demand of the rent.

It seems that a distress may, after a tender and refusal, be made for rent in arrear; that a tender only takes away the right to distrain till a subsequent demand and refusal. 5 Bac.

Ab. 13 (F.) sec. 20; Archbold. Land. & Ten. 122, 318; *Hunter* v. *LeConte,* 6 Cow. 728. But as we have not made the right of action to depend upon the failure to restore the goods after tender, we pass the question, whether, after what transpired in Schintz's office, and the neglect to set up the tender on the trial, going forward with the distress proceeding from that time might not be justified, even if a previous tender had been made. But these are facts properly to be considered upon the question of vindictive damages.

There appears to have been a good attendance at the sale, spirited bidding, Grouner having actual notice of it; the property sold for $110.20, neither Friedrick nor Tripp purchasing any of it.

It appears there was here the pursuit of a legal remedy for the collection of a just claim. A slip was made in the proceeding unattended with especial circumstances of aggravation. We fail to see wherein it deserves the visitation of punishment in addition to the damages sustained. The valuation of the property distrained, even by the plaintiff himself, was only $376. There is a claim, which appears not to be well-founded, that some $60 of other property was also converted. Other testimony places a much lower value upon the property.

The jury returned a verdict for $1450. A *remittitur* of $686.50 was entered, and judgment rendered for the residue.

The verdict of the jury, as rendered, we regard as flagrantly excessive, and that it is only somewhat less so, as it now stands.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*