# SAMUEL CURTIS *et al.*

### *v.*

# T. M. BRADLEY *et al.*

1. DISTRESS FOR RENT — *there must be an appraisement before sale.* Where property is distrained for rent there must be an appraisement made, as required by the statute, to authorize its sale, and where the officer selling under the distress warrant, holds an execution which he has levied on the property and which is subsequent in date to the distress warrant, and sells without an appraisement, it will be his duty to apply the proceeds first in satisfaction of the execution, and the fact that the lessees

were present and desired the sale to proceed, will not change the rule, unless it be shown that they knew the fact of there being no appraisal.

2. STATUTE — *when a strict compliance with, required.* It is a familiar principle that where special proceedings are authorized by statute, whereby the property of one man may be divested and transferred to another, the requirements of the act must be strictly followed, especially such as may be of benefit to the owner.

WRIT OF ERROR to the Superior Court of Cook county ; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. W. T. BURGESS, for the plaintiffs in error.

Mr. J. B. VAUGHN, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was a motion on the part of plaintiffs in error, Samuel Curtis and others, made in the Superior Court of Cook county, that Timothy M. Bradley, the sheriff of said county, be required to pay over to them the amount of an execution issued out of that court in their favor against G. C. McAllaster, Carlton Ellis and Carlos Ellis, and dated and delivered to the sheriff December 6, 1872, for the amount of two hundred and fifty-nine dollars, and costs. The following facts were shown to the court by affidavits upon the hearing of the motion : There had previously been two other executions issued in favor of one Cole against the same execution defendants as above, for the respective amounts of two hundred and seventy-two dollars and seventy-nine cents, and one hundred and sixty-nine dollars and four cents, which had been delivered to the sheriff on the 20th and 23d days of November, 1872, respectively. The three executions were levied by the sheriff on the same personal property of the defendants, on the 6th day of December, 1872 ; the levy, so far as respected the execution of Curtis and others, according to the indorsement thereof on the execution, being subject to a levy of a distress for rent in favor of William S. Johnston against the execution defendants, for about nine hundred dollars.

On the 5th day of December, 1872, William S. Johnston issued a distress warrant to C. G. Ayers, who was deputy sheriff of Cook county, to distrain the goods and chattels of Ira C. McAllaster, Giles C. McAllaster, Carlos Ellis and Carlton Ellis, for the sum of one thousand and thirty-six dollars and ninety-seven cents, three months' rent, due Johnston on the 6th day of December, 1872, for the premises leased by him to the said parties, and then occupied by them. On the same day, December 5, 1872, Ayers levied the distress warrant on the same property, upon which the sheriff levied the said executions on the following day, 6th day of December, 1872. Ayers, upon making the levy, took possession of the property, and held it by a custodian until it was sold, December 17, 1872. On the 6th day of December, 1872, a copy of the distress warrant, and of the inventory of property seized under it, were filed in the Circuit Court of Cook county, and a summons was issued and served that day on Giles McAllaster, and returned not found as to the other defendants. On the 17th of December, 1872, Carlton Ellis and Carlos Ellis entered their appearance in the proceeding, and on the 19th December their default, together with that of Giles McAllaster, was entered, and a finding had against them, " impleaded with Ira C. McAllaster," for nine hundred and fifty dollars, and an award of a certificate to sell the property distrained. No appraisement of the property distrained was ever made.

On the 10th December, 1872, Johnston obtained an assignment to himself of the two judgments in favor of Cole.

On the 17th December, 1872, the sheriff sold all the property for one thousand and ninety-nine dollars and thirty cents, all the defendants, except Ira McAllaster, being present at the sale, and requesting that all of the property might then be sold and the proceeds be applied according to the rights of the parties, in order to save them additional expense, of about twenty dollars per day, by the keeping of the property. After satisfying the amount of the two Cole executions, and fees and expenses, there remained a balance of five hundred and forty-

one dollars and eighty-eight cents of the proceeds of the sale.

On the 20th December, 1872, there was issued a certificate of sale in the distress proceeding, directed to Bradley, sheriff, commanding him "to sell the property seized by him by virtue of the distress warrant," and out of the proceeds pay the plaintiff the amount which had been found due him.

After satisfying the two Cole executions, and fees and expenses, the sheriff paid the said balance of five hundred and forty-one dollars and eighty-eight cents of the proceeds of the sale made on December 17, to Johnston on the 20th December, 1872. The court below denied the motion and refused to make any order in the premises.

Without considering any other question which is made, it appears to us to be fatal to the claim on behalf of the defendants in error, that there was never any appraisement made of the property distrained.

The statute regulating proceedings by distress for rent, and for a sale of the property distrained, provides that "the person distraining, or his agent duly authorized, may, with the sheriff or constable of the county, cause the goods and chattels so distrained, to be appraised by two reputable freeholders, under oath, which oath may be administered by such sheriff or constable, to appraise said goods and chattels." The legislature, in giving the right—which did not exist at common law—to sell a distress for rent, saw fit to prescribe the above, as one of the regulations of the exercise of the right. And though we may not appreciate the special importance of such an appraisement, it is not for that reason to be dispensed with. It should be enough for a court, that the legislature has required it. It is a familiar principle, that where special proceedings are authorized by statute, whereby the property of one man may be divested and transferred to another, the requirements of the act must be strictly followed; especially such as may be of benefit to the owner. We could not say that there may not be cases where it would be of advantage to one deprived of

his property under a distress proceeding, to have evidence of the value of the property taken, in the form of a solemn appraisement of it under the oaths of two reputable freeholders.

In *Tripp et al.* v. *Grouner*, 60 Ill. 474, it was held that a compliance with this requirement of an appraisement was essential, to authorize a sale of the property distrained.

There was never any appraisement made in the present case; consequently, Johnston never entitled himself to have the property sold for payment of his rent, and had no rightful claim to the said balance of the proceeds of the sale under the executions which were paid over to him, at least as against plaintiffs in error.

We do not regard that it should change the result, that the tenants, the Ellis' and McAllaster, were present at the sale under the executions, and requested that the property should all be sold together, and the proceeds applied according to the rights of the different parties. There is no evidence whatever that they had any knowledge that an appraisement had not been made in the distress proceeding, nor can there be any presumption that they had such knowledge, as the appraisement proceeding is entirely *ex parte* as respects the tenant, in which he does not participate, and is not required to have any notice.

At least, without knowledge, at the time, that no appraisement had been made, we do not consider that the request of sale, as above, should operate to remove the objection of the want of an appraisement, on the ground of waiver, estoppel, or otherwise.

We are of opinion, then, that the defendant in error, Bradley, the sheriff, wrongfully paid over to Johnston said residue of the proceeds of the sale to the amount of the execution of plaintiffs in error, and that their motion for the sheriff to pay the same over to them, should have been granted, instead of refused.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*