ACTION of covenant on articles of agreement under seal by which the defendants agreed on the 18th day of April, 1874, to sell and deliver to the plaintiff at his ice-house in the city of Wilmington, between that time and the 1st day of January following, at the price of nine dollars per ton, so much Eastern ice as the plaintiff should require from time to time during that *Page 142 
period, the entire quantity during that period, however, not to exceed one thousand tons, and not be less than two nor more than twenty tons to be delivered in any one week, and no delivery to be of less than one ton. But in case the defendants should not at any time during the period have sufficient Eastern ice to tell and deliver to the plaintiff as aforesaid when required by him, they might deliver Delaware Meadow ice in lieu thereof at the price of six dollars per ton until they should have had reasonable time to replenish their stock of Eastern ice. In consideration whereof the plaintiff covenanted and agreed with the defendants to pay them, on each and every Monday during that period after the first delivery of the ice, the price of nine dollars per ton for so much Eastern ice and six dollars per ton for so much Delaware Meadow ice as should have been so delivered to him during the week next preceding such day of payment. And in case of default in any such weekly payment on the day it should be due, the defendants might refuse to deliver any more, and at their option be excused and released from the further performance of the contract.
The defendants pleaded among other pleas the following which were demurred to generally. That they were dealers in ice in the city of Wilmington, having two well-known places of business there for the purpose, one at the corner of Fifteenth and King Streets and the other at No. 2 West Third Street. That the custom of the trade and their custom and usage was to attend at their respective places of business for the purpose of paying and receiving money arising out of ice transactions till 6 o'clock P. M. daily, and not ordinarily later. That on the said 22d day of June, 1874, they were at their said respective places of business until and after the said hour, ready and willing to receive said money from the plaintiff, but the same was not then or there paid or tendered to them. The next varied from the proceeding only in alleging that their hours for receiving and paying money at their said *Page 143 
places of business arising in said business was from 7 o'clock A. M. to 6 o'clock P. M. in summer, and then they were open all day, all of which was known to plaintiff, and that he did not during that time pay or tender the same money to them at either of their said places of business during the said business hours, although the defendants were then and there ready to receive it. That although the defendants had established places of business in the said city of Wilmington well known to the plaintiff, yet he did not pay or offer to pay them at any of the said places of business on the said 22d day of June, 1874, a sufficient time before sundown to enable them to count and examine the money tendered before the setting of the sun, although they were at their said places of business and ready and willing to receive the same if tendered in time. That although the defendants resided in Wilmington and were after their usual business hours, to wit from 6 o'clock P. M. on the said 22d day of June, 1874, at their respective places of residence and ready till a sufficient time before sundown to receive and count such money as the plaintiff should then and there tender to pay them for ice furnished him during the preceding week under the said contract, yet he did not pay or tender to them the said money on said day at a sufficient time to enable them to count and examine it before sunset. That although they were on said 22d day of June, 1874, at their usual places of business in said city ready and willing to receive said money from the plaintiff during the whole of the business hours of said day, to wit, from 7 o'clock A. M. till 6 o'clock P. M., yet the plaintiff did not within said time pay or tender to them the said money due for said preceding week's ice during the said business hours at their said places of business or either of them, or at any other place a reasonable time before sunset of said day.
Spruance, for the plaintiff: This is not a case of negotiable paper in relation to which the rule of tender is different. Where no place is appointed in the contract for the performance or payment, tender to the party anywhere is sufficient. Slingerland v.Morse, 8 Johns. 474. In this case the plaintiff had the whole of the day until twelve o'clock at night to make the tender, or at all events until such a period of it as afforded the party sufficient time simply to count the money before that hour. Add. onContr. 235, 1133, 1834; 1 Pars. on Contr. 444; Ch. onContr. 388; Startup v. Macdonald, 6 M. G.593 (46 E.C.L.R. 623). *Page 144 
 Patterson, for the defendants: It is alleged in the pleas demurred to that it was the custom and usage of the defendants to receive and pay money in their business at their places of business between the hours stated, which the. demurrers admit, and a general usage of trade is binding in law. 3 Kent's Com. 103; Ch. on Contr. 21. Where no place of payment is agreed on it must be paid or tendered according to the presumed intention of the parties. 1 Bouv. Inst. 319. And a tender of money must be made in the daytime before the light is gone: 6 Cow. 728. It must be made before sunset at the usual place of abode of the creditor unless some other place is agreed upon for the payment. 1 Tyl. 384; A. K. Marshall 321; 1 Greenl. 120; 2Conn. 69; 5 Yerg. 410; 19 Ver. 587; Add. on Contr. 1132; 2Pars. on Contr. 161 n. v.; 4 Taunt. 549; Ch. on Contr. 727,note 1; 3 Wash. C. C. R. 140; 1 M. W. 347; Startup v.Macdonald, 6 M. G. 593 (46 E. C. L. R. 623); 25 Wend.
405; Smith v. Smith, 2 Hill 351; 16 Pick. 46.
Spruance, in reply: It will be observed that in none of the pleas demurred to have the defendants alleged that the tender was made at an unreasonable time or place or in an unreasonable manner.
The Court: In cases of this kind it is now the practice to plead that the tender, though made on the last day for the payment of the money of the delivery of the goods, was not made within a reasonable and proper time for the receipt of the money or the acceptance of the goods by the defendants before the last hour or midnight of that day, and in the latest case in which the question here presented was most fully argued by counsel and maturely considered by the Court of Exchequer Chamber in England, the general and correct doctrine of the law on the subject is well stated by Parke, B., where no place is named in the agreement for the payment or delivery, or no established usage prevails to the contrary, as in the case of promissory notes and bills of exchange, and that is, that the party has the whole of the day at any place where he may meet the other party, and have the proper means and opportunity so far as they are both *Page 145 
concerned of making the tender, in which to make it, subject to the qualification just stated. In such a case he says the party bound must find the other at his peril and within the time limited if the other be within the four seas, and he must do all that without the concurrence of the other that he can do to make the payment or perform the act, and that at a convenient time before midnight, such time varying according to the quantum of the payment or the nature of the act to be done or the delivery of the goods to be made and received. Therefore, if he is to pay a sum of money he must tender it a sufficient time before midnight for the party to whom the tender is made to receive and count it; or, if he is to deliver goods, he must tender them so as to allow a sufficient time for the examination and receipt of them by the other. This done, he has so far as he could paid or delivered within the time; and it is by the fault of the other only that the payment or delivery is not complete. Startup v.Macdonald, 46 E. C. L. R. 623.
In this case there was no such established commercial usage in contemplation of law as required that the tender of the payment should have been made to the defendants at either of their places of business, or within the usual business hours on the day in question, or before sunset anywhere on that day in the absence of any stipulation in the contract to that effect.
Judgment is therefore ordered to be entered for the plaintiff on the demurrers.