JOHN M. CLEVENGER

*v.*

JOHN DUNAWAY.

1. DISTRESS FOR RENT—*effect of judgment.* Since the act of 1873, providing that where the defendant in a proceeding by distress warrant has been served, or appears to the action, the judgment shall have the same force and effect as in suits commenced by summons, such judgment is final and conclusive between the parties, as to all matters that should have been determined in that proceeding, the chief of which is, whether rent is due or not, and if so, what amount.

2. PRACTICE—*when objection to evidence should be specific.* Where an objection is made to the sufficiency of evidence to prove the contents of lost papers, or for any other reasons which might be obviated if pointed out, the objection should be specially made, and if the objection is made generally to the evidence, without pointing out the specific ground, it can not be urged in this court.

3. INSTRUCTION—*when evidence as to the facts is contradictory.* It is not error, where the evidence is contradictory, to instruct the jury as to the conclusion of law upon the hypothesis that they find the evidence to sustain either one view or the other.

4. EXEMPLARY DAMAGES—*in trespass for levying second distress warrant.* Where a landlord has levied a distress warrant for rent claimed to be due, and on a trial the jury has found there was no rent due, and judgment is rendered on the verdict, and the landlord, disregarding that judgment, levies another distress warrant upon the same claim for rent, the tenant may, in an action for trespass, recover exemplary damages.

APPEAL from the Circuit Court of Champaign county; the Hon. O. B. SMITH, Judge, presiding.

Statement of the case.

Dunaway brought trespass against Clevenger and Weller for taking and driving away his hogs, etc. Clevenger pleaded, first, not guilty; second, that he, by Weller, a constable, levied upon the property in question and took possession of the same, by virtue of a distress warrant issued by him (Clevenger), and placed in the hands of Weller for that purpose, for rent due and unpaid, etc.

Replications were filed to the pleas, putting the matters pleaded in issue; and in one it was replied, as to the taking by virtue of a distress warrant, that Clevenger had issued a prior distress warrant for the same rent, upon which there had been a trial and judgment in the court in favor of Dunaway. Upon this, also, issue was joined.

Upon the trial the suit was dismissed as to Weller.

There were sixty-four fat hogs taken, of which sixty-three were returned on a writ of replevin, at the suit of Dunaway, as the evidence showed, in a damaged condition, and one died.

Clevenger had rented to Dunaway one hundred and thirty-five acres of land, in 1873, the term expiring March 1, 1874, at a rental of fifteen bushels of corn per acre, to be delivered at Mahomet. Subsequently Clevenger instructed Dunaway to crib the corn on the premises, as he had no cribs to receive it at Mahomet. Dunaway claimed that he delivered, as the contract required, all the rent corn. This, Clevenger denied, claiming that a portion that was delivered was unsound, and that there was also a large amount not delivered.

Evidence was given in behalf of Dunaway, tending to show the issuing of a distress warrant for the same rent, by Clevenger, prior to that upon which the hogs in controversy were claimed to have been seized, and an adjudication thereon in the circuit court, in favor of Dunaway.

Verdict was returned in favor of Dunaway, assessing his damages at $200, upon which the court, after overruling Clevenger's motion for a new trial, gave judgment. Clevenger appeals.

Mr. Z. S. SWAN, for the appellant.

Mr. J. L. DAY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

. The points relied upon, in the printed argument of counsel, for a reversal of the judgment of the court below, are four: First, that the court erred in admitting in evidence the record of the judgment in the proceeding on the distress for rent, the warrant for which was issued prior to that by virtue of which the property in controversy was claimed to have been seized. Second, that the court erred in giving appellee's fourth instruction. Third, that the judgment is not supported by the evidence. Fourth, that the damages, as assessed, are excessive.

1st. Since it is provided by § 22, chap. 80, Rev. Stat. 1874, p. 660, in proceedings on distress for rent in the circuit court, " when the defendant has been served with process or appears to the action, the judgment shall have the same force and effect as in suits commenced by summons, and execution may issue thereon, not only against the property distrained, but also against the other property of the defendant," it can hardly admit of question that a judgment so rendered is final, and conclusive between the parties as to all matters that should have been determined in that proceeding, the chief of which is, whether rent was due, and if so, what amount. This section was enacted first in 1873, and has been in force since July 1, of that year, and is, hence, applicable to the judgment in question. See laws of 1873, p. 121, § 23.

It was agreed between the parties, that the original papers had been lost, and, necessarily, secondary evidence of their contents was then admissible. The evidence tended to identify the parties with the present parties, and to show that the rent in question was the same rent now claimed to have been due, as justifying the issuing of the distress warrant under which appellant claims protection. The defendant appeared and defended. That warrant was issued and the trial thereon

24—84TH ILL.

had, after the rent here in question was due; and we see no reason why, if the rent was due appellant, for which he issued the warrant under which he now seeks to defend, he was not entitled to judgment in that proceeding. The objection of appellant was general. If he relied upon the insufficiency of the evidence to show the contents of the lost papers, or to identify the claim for rent with that involved in the present controversy, he should have made that specific objection at the time, either against the admission of the evidence, or by motion to exclude it from the jury. Such an objection, if then made, might have been obviated by additional and more satisfactory evidence, and it can not, therefore, now be urged here. *Howell et al.* v. *Edmonds,* 47 Ill. 85; *Buntain* v. *Bailey,* 27 id. 410; *Gillespie* v. *Smith,* 29 id. 473; *President and Trustees* v. *Holland,* 19 id. 271; *Swift* v. *Whitney,* 20 id. 144; *Sargeant* v. *Kellogg,* 5 Gilm. 273; *Harmon* v. *Thornton,* 2 Scam. 351.

2d. The fourth instruction, given at the instance of plaintiff, to which objection is taken, is, as we understand the record, based upon and sustained by evidence given by appellee. The court does not assume to determine whether the evidence of appellant or appellee is entitled to most credit, but leaves that to be determined by the jury. The witnesses were before the jury, and they may have been justified in giving more credence to the one than the other; and it does not follow because the evidence was contradictory on this point, it was error to instruct them as to the conclusion of law, upon the hypothesis that they found the evidence to sustain either one view or the other. The legal conclusion is unobjectionable, and the instruction was not improper.

3d. We are inclined to think the preponderance of the evidence on the question of whether there was, in fact, any rent due from appellee to appellant, when the distress warrant was issued, was with appellee—certainly we can not say it so decidedly preponderated the other way as to justify the setting aside of the verdict of the jury, even if there were no other evidence properly affecting the question of whether appellant

committed a trespass. But we think the evidence of the former judgment in regard to that question was conclusive. It determined there was no rent due from appellee to appellant, and appellant's only remedy then was by a correction of that judgment, if wrong, in this court.

4th. There was evidence of actual damages beyond the amount of the judgment, although, it may be, not a preponderance—but the case is one in which, under all the circumstances, we are of opinion some amount of exemplary damages might also have been given.

After a jury had determined no rent was due appellant, it savors strongly of malice and a desire to oppress, that, disregarding the judgment on that verdict, he should again, and for the same claim of rent, issue his warrant and seize appellee's property.

We discover no grounds sufficient to authorize a reversal of the judgment, and it will be affirmed.

*Judgment affirmed.*