## S. C. DAVIS *v.* J. P. HENRY.

DISTRESS FOR RENT. *Plea of tender. Failure to traverse. Judgment.*

If in an action of attachment for rent the defendant file a plea averring tender of the amount due before the institution of the suit, and tender such amount in court, it is error for the court to render judgment against the defendant for the amount so tendered if the plaintiff accepts the tender and fails to traverse the defendant's plea. And in such case the plaintiff and the sureties on his bond are liable to the defendant for costs and damages.

APPEAL from the Circuit Court of Le Flore County.

HON. C. H. CAMPBELL, Judge.

Henry seized, under an attachment, six bales of cotton that had been raised by Davis on land leased by the latter from the former. Davis replevied the cotton. Henry justified the seizure by virtue of his claim for rent and advances for supplies, as set forth in his avowry. Davis then filed several pleas; and afterward he filed an amended plea which set out that he had tendered to Henry the amount due him for rent and supplies before the suing out of the attachment, which Henry refused to receive, and that Davis now tendered the same in court. Henry accepted the tender made in court, whereupon the court ordered a judgment to be entered against Davis for that amount and the cost of the suit. Davis then moved the court for a jury of inquiry to assess his damages for the wrongful suing out of the attachment; which motion was overruled, and Davis appealed.

*Coleman & Gardner*, for the appellant.

The amended plea of tender avers the tender before suit brought, and is not governed by the provisions of § 1597, Code of 1880, as was urged by counsel for plaintiff in attachment and held by the court. To hold such to be the law would be to place every debtor at the mercy of a vindictive creditor, who in addition

to his debt could saddle upon the debtor the costs of a useless and expensive suit.

*Hooker & Wilson*, on the same side.

There was no issue made upon the plea of tender. Judgment should have been entered for the defendant. Accepting the plea of tender as true, which must be done, then Henry had no right to distrain the property of Davis, the tenant.

The seizure was illegal and unauthorized, and Davis, the tenant, was entitled to hold the goods, and to damages against the landlord. Certainly, Henry's lien was discharged if the averments of the plea be true. If not, there is no way for a tenant to escape the clutches of his landlord. The plea shows that there was only two hundred dollars due Henry, and that the tenant tendered to him that amount before he distrained his goods. Henry in reality afterward accepted that amount.

That in such cases the security of the landlord is discharged. *Vide* Taylor's Landlord and Tenant, § 729; Wait's Actions and Defenses, vol. 7, 594, *et seq.;* Wood's Landlord and Tenant, § 547.

No counsel for the appellee in this court.

ARNOLD, J., delivered the opinion of the court.

The amended plea of tender filed by Davis should have been traversed. If the facts averred in it were true, the attachment was wrongfully sued out, and appellee and the sureties on his bond were liable not only for cost, but also for damages. A distress for rent after tender of the amount due is unlawful, unless there has been a subsequent demand and refusal. Taylor on Landlord and Tenant, §§ 566, 573; *Hunter* v. *Le Conte*, 6 Cow. 728; *Smith* v. *Goodwin*, 4 B. & Ad. 413.

*Reversed.*