# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—MAY TERM, 1890.

### CYRUS A. SHEETZ
### v.
### FRANK G. BAKER.

*Landlord and Tenant—Distress Warrant—Levy of—Conversion of Property Distrained—Set-off—Trover by Tenant—Pleading and Practice —Intendment in Favor of Verdict.*

1. Where property is converted by the landlord in a distress proceeding, such conversion does not necessarily become a matter of set-off which must be interposed by the tenant in the distress suit, under penalty of losing his cause of action for the property so wrongfully converted.

2. Where, after the levy of a distress warrant, property is disposed of by the landlord contrary to the statute, trover may be maintained by the tenant.

3. Where a landlord is entitled under his lease to one-half of the produce of the farm leased, but chooses to distrain for its money value, the tenant is entitled to the entire property, and the judgment for the landlord in the distress proceeding for the rent, estops him from claiming any interest in the property.

4. Where there is confusion as to the numbering of the counts of the declaration, in order to sustain the verdict the court will indulge the presumption, under the circumstances of the case at bar, that the jury intended by "the second count," the·one of the counts that might have been so designated, to which their verdict correctly applied.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JAMES H. CARTRIGHT, Judge, presiding.

(349)

Messrs. James I. Neff, J. H. Stearns and George L. Munn' for appellant.

Messrs. Leonard Stoskopf and M. Stoskopf, for appellee.

The property distrained could not properly have been the subject of adjudication in the distress suit. Baker was the tenant of Sheetz under a written lease, and as such tenant was to pay a part of the crop.

It has been repeatedly held, and may be regarded as now settled in this State, that in such cases the tenant is regarded as the owner of the whole crop until the stipulated rent is set off; that there is no joint possession or ownership in such cases; that the tenant is the owner and the landlord has merely a lien which he may enforce by distress. Frink v. Pratt & Company, 16 Ill. App. 223; Alwood v. Buckman, 21 Ill. 200; Dixon v. Niccolls, 39 Ill. 372.

The ownership of the property was in Baker, then, subject only to a right which Sheetz had under the statute to enforce his lien for rent. The enforcement of this lien is a statutory remedy, and when Sheetz sought to invoke the aid of the statute he was required to keep within its provisions. The statute required Sheetz to file with the clerk of the court a copy of his distress warrant, together with an inventory of the property levied upon. Upon the filing of the copy of such distress warrant and inventory, the clerk was required to issue a summons. The suit would then proceed in the same manner as in cases of attachment. 2 Starr & C. Ill. Stats., Secs. 17, 18, 20, p. 1502.

In attachment cases it is provided that "the officer serving the writ, shall take and retain the custody and possession of the property attached, to answer and abide by the judgment of the court," etc. Starr & C. Ill. Stats., Sec. 14, p. 316.

Among the special causes of demurrer which were assigned to these pleas is this: that said 4th, 5th and 6th pleas contain matter which can be given in evidence under the general issue.

In trover the general issue is not guilty, and it is not usual in this action to plead any other plea except the statute of

Sheetz v. Baker.

limitations and release.   Puterbaugh's Com. Law Pl. & Pr.,
511; 1 Chit. on Pl., 14th Am. Ed. pg. 498; Kennedy v. Strong,
10 Johns. 289.

In the last case cited the court say: " The plea is bad on
special demurrer in another respect.   It amounts to the gen-
eral issue, and though the old books contain numerous prec-
edents of special pleas in trover, they are deservedly discoun-
tenanced in modern times as leading to unnecessary expense
and troublesome prolixity.   The defendant could avail him-
self, under the general issue, of the matter pleaded, and
though a special plea in trover was admitted in the late case
of Webb v. Fox, 7 Term Rep. 391, yet Lord Kenyon, who
censured the plea, said it would have been bad on special
demurrer."

Mr. Puterbaugh, in his work on pleading and practice, says
also : " It has been held that a defendant can plead to an action
of trover in justification that he had a special property in the
goods as a lien thereon, but the weight of authority is against
it."   Put. Com. Law Pl. & Pr., 513.

Under the pleadings as they stood at the trial the defendant
was enabled to interpose every defense he had to present, and
he has therefore no reason to complain.

Rules of pleading are mere modes prescribed or permitted
by the court for the purpose of bringing before the court all
truths which ought to be considered in determining the ulti-
mate rights of the parties.   Cox v. Jordan, 86 Ill. 566.

While it is true that the general rule is that the verdict
must be as broad as the issues submitted, and that it was for-
merly held with such strictness that a failure to find on all the
issues vitiated the verdict, yet the tendency of modern decis-
ions has been to relax the severity of the rule and sustain the
verdict where the intention of the jury can be ascertained.
Stoltz v. The People, 4 Scam. 168; Wilderman v. Sandusky,
15 Ill. 59; Thomas v. People, 113 Ill. 534.

LACEY, J.   This was a suit commenced by appellee against
appellant in case and trover to recover for excessive and irreg-
ular distress.   The counts were, after the withdrawal of the

first count and after amendments: 1, excessive distress; 2, trover for crops and produce; 3, in case for excessive distress; 4, in case for damages in taking one-half of the property not levied on; 5, trover for bull not included in the other counts. There were seven pleas. The 4th, 5th and 6th were demurred to by appellee and the demurrer sustained by the court. The other pleas were: 1st, not guilty; 2d, accord and satisfaction as to all; 3d, settlement and discharge; 7th, that the undivided half of the property levied on was the property of appellant. The 4th plea was a plea of former recovery and estoppel thereby to the 3d count of the declaration and the 2d count amendatory thereto. The 5th was the same estoppel to the 2d and 3d counts and the 1st amended count. The 6th plea was to all but nominal damages claimed in the plaintiff's 4th count and alleged in substance that the property taken was rightfully held for rent due appellant since the levy and issuing the distress warrant.

The facts of the case are substantially as follows:

Appellant was the landlord of appellee as to a certain farm under a lease for a term of years, each year ending March 15th, whereby appellant reserved for rent one-half of all the produce, increase or proceeds of every kind, whether grain, fruit or live stock, etc. In case of default in payment of rent the lease provided that the landlord should have the right of distraint.

On the 11th of October, 1887, appellant issued his distress warrant and placed it in the hands of the sheriff as bailiff to execute, claiming $441.45 for rent "earned and to become due." The sheriff levied a warrant on an undivided half of certain personal property of the appellee consisting of "oats in the barn, 440 bushels; the straw on the farm and in barn, rye in barn, about 200 bushels; about 45 bushels of barley in barn, 65 acres of corn in field, corn stacks in field, 4 acres of potatoes in field, a lot of hay and straw in barn." The distress warrant with an inventory of the property distrained were filed with the clerk of the Circuit Court October 14, 1887. After making the levy the sheriff turned over to appellant the possession of the property, and the grain was hauled by him to market and

Sheetz v. Baker.

sold at private sale. The distrained property was not held to await the result of the proceedings in the Circuit Court, and no account was rendered by appellant to appellee for the amount of the goods distrained and sold. In the Circuit Court appellee pleaded to the distress warrant and also filed plea of set-off, to which appellant filed a counter claim of set-off. Upon the issues September 5, 1888, the jury found a verdict in favor of appellant for $50 for his rent, upon which the court rendered judgment, and also for $156.20, costs of suit, against appellee.

This suit is now brought to recover for the goods and chattels so sold by appellant.

The trial below resulted in a verdict on the 2d count of the declaration in favor of appellee for $252, and on the 5th for $15, upon which, after *remittitur* by appellee of the $15, judgment was rendered and appeal is taken. One of the preliminary points made by the appellant is, that the court erred in sustaining the demurrer to the 4th, 5th and 6th pleas. We think the court below held correctly in sustaining the demurrer. The object and intent of the 4th and 5th pleas was to set up an estoppel as to the irregularity of the distress and thereby interpose a barrier to the recovery on the counts for trover and conversion of the goods distrained. It is insisted that because the appellee proceeded to trial in the distress suit without interposing an objection as to the conversion of the goods, he thereby waived that point and can not complain of the conversion taking place previously. This is not the law in this State under the statute. According to the provisions of the statute the distress proceedings after service of process or the appearance to the action by the tenant became a general suit, and as is provided, "the judgment rendered therein shall have the same force and effect as in suits commenced by summons, and execution may issue thereon, not only against the property distrained, but also against the other property of the defendant." Sec. 22, Chap. 80, R. S. 1874. Also other matters may be litigated in such suits as set-off and counter set-off, and such was actually done in the distress suit between the parties herein. The judgment is final, says the court in

Clevenger v. Dunaway, 84 Ill. 367, between the parties "as to all matters that should have been determined in that proceeding, the chief of which is whether rent was due, and if so, what amount."

The suit is carried on independently of what disposition is made of the property after distress by the landlord or bailiff. If the property is converted it does not necessarily become a matter of set-off, which must be interposed in the distress suit by the tenant under pain of losing his cause of action for the property so wrongfully converted. The chief inquiry is as to the amount of rent due. It could be contended with as much show of reason that the tenant lost the right to recover for the value of the property converted as he did the right to sue for the tort for wrongfully converting the goods in case he failed to bring this matter forward in the distress suit.

We understand that it has been fully settled in this State that trover may be maintained in case of irregularities in disposing of the property contrary to the statute by the landlord after distress. Tripp et al. v. Grouner, 60 Ill. 474. It is regarded as a wrongful conversion of the property for a landlord to take it into possession by virtue of his warrant and afterward to illegally dispose of it. Of course the landlord has a right to recoup the amount of his rent due when sued in an action of trover, as in this case he was allowed to do. His judgments and costs found due him were allowed to be recouped in the court below, of which there is no complaint on either side.

The object aimed at in the 6th plea, claiming that rent became due after the distress proceeding, was obtained under the general issue. The question whether there was any such rent due, together with the fact as to whether it had been litigated in the former suit, was submitted to the jury under the general issue. No complaint can be made here that the demurrer to that plea was sustained. One of the most important issues tried in the court below, was whether or not the current rent of 1887 was claimed for and litigated in the distress suit; we think there was abundant evidence to justify the jury

Sheetz v. Baker.

in finding that it was.    It was claimed in the distress warrant, which stood as a declaration in the case, and also in appellant's bill of particulars, that the rent of 1887 was claimed, and parol evidence was allowed to go to the jury as to whether the rent of 1887 was claimed before the jury in the distress suit. There was no error in this.

It is also complained that the verdict is not supported by the evidence.    If we hold that the jury were justified in finding, which we do, that the current rent of 1887 was passed upon and was litigated in the distress suit, we think there was enough evidence to support the verdict herein.    There was quite a conflict of evidence as to the value of the property converted by appellant; according to some of the testimony it would be a little less, and according to other a little more than the verdict and judgment of $252, but on the whole we think the verdict after the *remittitur* of $15 was fairly sustained by the evidence.    The appellant was entitled under the lease to one-half the produce, but chose to distrain for its money value, and having done so appellee would be entitled to the entire property, and the judgment in appellant's favor for the entire amount of his rent due, as we hold, estops appellant from claiming any interest in it.    The appellant claims that the verdict is not definite enough in specifying the count under which it was found, in finding the appellant guilty under the second count.    We are inclined to think it sufficient.    On account of the amendments there is some confusion as to how the counts should be numbered, but in order to sustain the verdict all intendments must be held in its favor.    The second amended count was in trover for the conversion of one-half the goods sold, and this is the one appellant's counsel supposes was meant by the jury, and claims the verdict could not be sustained under it.    But we think the third count, as originally filed, which was in trover for the conversion of the entire amount of the property distrained, was the one meant by the jury by the designation of the second count.    The first count in the original declaration was withdrawn before trial, hence that left the second count the first, and the third count the second, as they stood in the declaration after the with-

drawal, and hence we suppose that is what the jury meant in finding under the second count.  It was the second count of the original declaration after the first was withdrawn, which changed the order of the existing counts, that was meant. The jury having found against appellant as to all the property under the second count of the declaration, which was in trover, it could not also find for one-half of it under the second count in the amended declaration.

All the counts not mentioned in the verdict must be held to have been found in appellant's favor, and to have been rejected by the jury.

We see no error in the instruction, and nearly, if not all, of the objections claimed by appellant are disposed of by what we have already said in this opinion.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*