(No. 21004.

THE CHICAGO TITLE AND TRUST COMPANY, Receiver, Defendant in Error, *vs.* LOUIS W. MACK, Plaintiff in Error.

*Opinion filed February 19, 1932.*

WALTER F. DODD, and HERBERT A. HOFFMAN, for plaintiff in error.

Myer N. Rosengard, (Sonnenschein, Berkson, Lautmann, Levinson & Morse, Howe, Zimmerman, Kreamer & Mack, and Irving L. Block, of counsel,) for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

Louis W. Mack by this proceeding seeks to review an order of the circuit court of Cook county committing him to jail for contempt of court in refusing to pay to the Chicago Title and Trust Company, as receiver appointed in a suit for the foreclosure of a trust deed, $2500 which he had been previously ordered to pay as rent for the property involved in the foreclosure suit.

Section 1 of the act of 1903 concerning the appointment and discharge of receivers (Laws of 1903, p. 290,) provides, that before any receiver shall be appointed the party making the application shall give bond to the adverse party to pay all damages sustained by reason of the appointment and acts of such receiver in case his appointment is revoked or set aside, provided that bond need not be required when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond. The question for decision in this case is whether an appointment of a receiver in disregard of the terms of this section, without a bond, without notice to the adverse party and without a full hearing is void and subject to attack in a collateral proceeding. The question arises in this manner: Rose I. David, and Charles A. Koepke as trustee, filed a bill in the circuit court of Cook county to foreclose a trust deed conveying certain premises, known as 2817 Pine Grove avenue, to secure an indebtedness evidenced by certain notes. Louis W. Mack, who was in possession of the premises and whose homestead they were, was made a defendant, with others, to the bill. A cross-bill, which was not verified, was filed by Fred Marshall and Gustav Helm, the owners of certain other notes secured by

the trust deed, and on May 3, 1927, a petition in the name of the cross-complainants but verified only by counsel upon information and belief, praying for the appointment of a receiver, was presented to the court. Mack was ill at the time in West Virginia and had received no notice of this petition, but counsel appeared for him and moved for a continuance. Upon that motion being denied they moved the court that evidence be taken and a hearing had as to the value of the property and the necessity for the appointment of a receiver. This motion was denied and the Chicago Title and Trust Company was appointed receiver, "with the powers and duties usually incident to such receiverships," and it was further "ordered, for good cause shown, the said cross-complainants be and hereby are excused from filing a bond herein." No appeal was taken from this order. On August 26, 1927, Mack was ordered to pay the receiver $125 a month rent for the premises. On July 2, 1929, an order was entered finding the amount of rent due to be $875 and directing Mack to pay that amount to the receiver. Upon appeal by Mack the order was affirmed by the Appellate Court. (*Davis* v. *Sedman,* 256 Ill. App. 607.) On July 25, 1930, the receiver filed its petition showing that the amount of rent due was $2500, which Mack refused to pay, and praying that he be adjudged guilty of contempt. Mack answered, admitting the order of the court against him was $125 a month and that he was financially able to pay but refused to pay because the order appointing the receiver was void. The court found Mack guilty of contempt and sentenced him accordingly. He appealed to the Appellate Court, which affirmed the judgment, and on his petition a writ of *certiorari* has been awarded.

The contention of the plaintiff in error is that the court had no jurisdiction to make the order appointing the Chicago Title and Trust Company receiver, and that its order purporting to do so was therefore void, conferred no authority, was subject to collateral attack and may be wholly

disregarded. The defendant in error contends that the court had jurisdiction to appoint a receiver, and its order doing so, however erroneous, is not subject to collateral attack but is valid and conclusive until reversed.

The law is thoroughly settled that if the court had jurisdiction to make any order concerning the subject matter, its order, although erroneous, cannot be attacked collaterally but can be set aside only by a direct proceeding for that purpose, (*Oakman* v. *Small*, 282 Ill. 360; *People* v. *Dennett*, 276 id. 43; *People* v. *Griffith*, 245 id. 532;) but if the court assumed to act where it had no jurisdiction its decision is utterly void and without any effect and may be questioned at any time or place. (*Kenney* v. *Greer*, 13 Ill. 432; *People* v. *Weigley*, 155 id. 491; *Armour Grain Co.* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co.* 320 id. 156; *Steenrod* v. *Gross Co.* 334 id. 362.) Where a court has jurisdiction both of the subject matter and the necessary parties its appointment of a receiver cannot be assailed in a collateral proceeding however erroneous it may be. *Richards* v. *People*, 81 Ill. 551; *Blanchard Bro. & Lane* v. *Gay Co.* 289 id. 413.

The appointment of a receiver is a branch of equity jurisdiction not dependent upon any statute and rests largely in the discretion of the appointing court. It had its origin in the English court of chancery at an early date, and it was incidental to and in aid of the jurisdiction of equity to enable it to accomplish, as far as practicable, complete justice among the parties before it, the object being to secure and preserve the property or thing in controversy for the benefit of all concerned pending the litigation, so that it might be subjected to such order or decree as the court might make or render. In this State, as well as in most, if not all, the other States of the Union, the court may appoint a receiver in foreclosure proceedings, even when the mortgage does not by express words give a lien upon the income derived from the mortgaged property, to take

charge of it and collect the rents, issues and profits arising from it, and if the mortgage expressly waives the right of possession of the mortgaged premises and consents to the appointment of a receiver during the pendency of a suit to obtain a decree of sale the effect is to pledge the rents as fully as the property itself, and a court of equity may appoint a receiver without regard to the solvency of the mortgagor. *Haas* v. *Chicago Building Society,* 89 Ill. 498; *Bagley* v. *Illinois Trust and Savings Bank,* 199 id. 76.

The circuit court had general chancery jurisdiction before the passage of the act of 1903, and had, therefore, jurisdiction of the bill and of the cross-bill to foreclose the trust deed and of the petition for the appointment of the receiver, and it had also jurisdiction of the person of the plaintiff in error. It had jurisdiction independent of the statute, and the statute did not purport to add to or take from its jurisdiction. Its jurisdiction over the foreclosure of mortgages, and the appointment of receivers as incidental thereto, was the same after the passage of the act as before, and its order appointing the receiver, however erroneous it may have been, was not subject to collateral attack. The following language from the opinion in *Lyon & Healy* v. *Piano Workers' Union,* 289 Ill. 176, is applicable here, *mutatis mutandis:* "Jurisdiction is the power to hear and determine the matter in controversy between parties, and if the law gives the court power to render a judgment or decree then the court has jurisdiction. Jurisdiction does not depend upon the correctness of the decision and is not lost by an erroneous decision. Where a court has before it a party complainant asking that an injunction issue on a bill stating a case belonging to a class within the general equity jurisdiction of the court, and also the party against whom the injunction is asked, the court has jurisdiction to decide whether an injunction ought to issue and the character of the injunction, and should the court err in ordering an injunction to issue when one ought

not to issue or in ordering an injunction broader in its terms than is justified by the bill its decree will be reversed, but the error will be no defense to an attachment for contempt for violating the injunction. The error does not deprive the court of its jurisdiction and the decree is binding upon the defendant until vacated or set aside. (*Franklin Union* v. *People*, 220 Ill. 355.) A party may refuse to obey an order where the court had no jurisdiction to make it, but not on the ground that it was erroneously made. An order made in the exercise of jurisdiction, though erroneous, must be obeyed until modified or set aside by the court making it or reversed by an appellate court. (*Court Rose Foresters of America* v. *Corna*, 279 Ill. 605; *Christian Hospital* v. *People*, 223 id. 244.) There can be no doubt that the circuit court of Cook county had jurisdiction of the subject matter and the parties. It had jurisdiction to determine whether the bill was sufficient to justify the issue of an injunction and the character of the injunction which should issue. Whether the bill stated a cause of action for which an injunction should be granted, or whether the affidavits sufficiently establish the facts upon which an injunction should be granted, are questions of no importance upon the hearing of a charge of contempt for violating the injunction which the court ordered."

The circuit court certainly had jurisdiction in this case to decide the question whether the motion for the appointment of a receiver should be allowed or not. It may have disregarded the statute of 1903 and may have erred in doing so, but the error, however serious, did not deprive it of jurisdiction to decide the question and is of no importance on the hearing of the charge of contempt against the plaintiff in error. The application and construction of the statute and its effect upon the jurisdiction or action of the court were for consideration of the court, and its decision was subject to be set aside upon review by an appellate tribunal in the manner provided by law if erroneous but could not be regarded as void in a collateral proceeding.

The plaintiff in error insists that the statute has withdrawn from the general equity jurisdiction of the court the appointment of a receiver without the requirement of a bond unless it appears by the record that the order was made for good cause shown after notice and a full hearing. The defendant in error, on the other hand, contends that the statute was merely a directory statute in regard to the procedure of the court in the exercise of its jurisdiction. This was a question which the court was required to determine and its decision cannot be questioned in this proceeding. An erroneous decision arising from the misconstruction of a statute does not render the resulting judgment void.

The plaintiff in error cites in support of his contention that section 1 of the act of 1903 withdrew from the general jurisdiction of the circuit court over receiverships the specific jurisdiction of receiverships without an applicant's bond, the cases of *Armstrong* v. *Obucino,* 300 Ill. 140, *Armour Grain Co.* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co. supra,* and *Steenrod* v. *Gross Co. supra,* but none of them tend to sustain the contention. In all of them the decree complained of was based upon a statute conferring special powers and went beyond the powers conferred. The first case was under the Mechanic's Lien law, the proceedings in which are wholly statutory; the second was under a statute authorizing the municipal court of Chicago to require parties to answer interrogatories, which was held not to apply to corporations; and the third was under section 25 of the Corporation act of 1872, which conferred jurisdiction on the circuit court to appoint receivers for corporations under certain circumstances, and it was held that it was necessary to the exercise of jurisdiction under the statute to bring the case within its provisions. These cases were all statutory proceedings, in none of them was the exercise of general equitable jurisdiction involved, and each was decided upon the familiar principle mentioned in *Curtis* v. *Bradley,* 75 Ill.

180, that "where special proceedings are authorized by statute, whereby the property of one man may be divested and transferred to another, the requirements of the act must be strictly followed."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*