MISSOURI & K. INTERURBAN RY. CO. v. EDSON.

(Circuit Court of Appeals, Eighth Circuit. July 8, 1912.)

No. 3,447.

RECEIVERS (114*)—LIABILITY ON BOND.

A receiver cannot be held personally liable to the corporation, whose property was in his custody, because of contracts or payments which were expressly authorized by the court before they were made.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 201, 202; Dec. Dig. § 114.*]

Appeal from the Circuit Court of the United States for the District of Kansas.

Suit in equity by William B. Strang against the Missouri & Kansas Interurban Railway Company. On exceptions by defendant to report of J. A. Edson, receiver. Exceptions overruled, and defendant appeals. Affirmed.

Justin D. Bowersock (Lester W. Hall, on the brief), for appellant. Samuel W. Moore, for appellee.

Before HOOK, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

RINER, District Judge. William B. Strang, a judgment creditor, on the 4th of June, 1908, filed a bill against the appellant, the Missouri & Kansas Interurban Railway Company, averring that the property of the appellant was incumbered by a mortgage; that its pay rolls were unpaid and its credit impaired, so that it was unable to meet its obligations; and that its property was in danger of seizure and sale. It was further averred in the bill that the motive power used to operate the road was not adapted to the purpose, and that it was necessary to install an overhead trolley system before the property could be operated at a profit. The bill contained a prayer for the appointment of a receiver, the ascertainment of the demands and liens of creditors, a sale of the property, and the distribution of the proceeds. To this bill the appellant filed its answer, admitting the allegations of the bill, and consenting to the appointment of a receiver. J. A. Edson, the appellee, was thereupon appointed receiver, and qualified on June 10, 1908. On the 6th day of July, 1908, the receiver filed a petition asking for instructions, and by consent of all parties an order was entered authorizing the receiver to borrow $350,000 and to issue receiver's certificates therefor as might be needed for the following purposes:

(a) For the payment of debts and liabilities, the payment of which is provided for in the order appointing the receiver herein.

(b) For repairs upon track and roadbed.

(c) For changing the road into an electric trolley line and installing a system for operation by electricity.

(d) For the purchase or acquisition of proper equipment therefor.

(e) For the purpose of paying and discharging the indebtedness of the railway company and for the purpose of releasing its securities.

Of the $350,000 worth of certificates authorized, but $200,000 worth were issued, and the work of equipping the road with an overhead trolley system was completed in December, 1908. September 24, 1909, the railway company filed its application for the discharge of the receiver and the restoration of its property. October 21, 1909, a final decree was entered, restoring the property to the railway company, and reciting that the receiver's certificates theretofore issued had been paid, canceled, and filed. The receiver filed his final report on the 15th day of November, 1909. To this report the appellant filed two exceptions, which were overruled, and it is from the order of the court overruling these exceptions that this appeal is taken.

The receiver, having found it impracticable to make a sale of the certificates to the amount authorized by the order of June 6, 1908, on the 11th day of August, 1908, applied to the court for authority to sell certificates to the amount of $125,000, par value, to the First National Bank of Kansas City, the proceeds to be used for the purposes specified in subparagraphs "a," "b," "c," and "d" of paragraph 1 of the order of June 6, 1908. The court authorized the sale by the following order:

"The application of the receiver to enter into a contract with the First National Bank of Kansas City for the sale to the said bank of receiver's certificates to the amount of one hundred and twenty-five thousand ($125,-000.00) dollars, par value, came on for hearing; and, the court being fully advised in the premises, it is ordered that the said receiver, J. A. Edson, be and he is hereby authorized to execute a contract with the said First National Bank of Kansas City in accordance with the draft of the same which is hereto attached."

This order was entered with the express consent and approval of the president and solicitor of the appellant. The contract provided that the certificates issued to the bank, so long as they were held by the bank, should be prior, senior, and first to any other receiver's certificates issued by said receiver.

October 10, 1908, the First National Bank of Kansas City expressed a willingness to take additional certificates to the amount and value of $25,000, the proceeds to be used for the purposes specified in the order of August 11, 1908, and the receiver made application to the court for authority to make the sale. On the same day the court authorized the sale and the execution by the receiver of a supplemental agreement with the bank covering it.

Thereafter, and on June 21, 1909, the court by an order authorized the sale of certificates of the par value of $70,000 to the Commerce Trust Company, but under this order only $50,000 worth of certificates were issued. The contract with the Commerce Trust Company for the sale of certificates to it provided that the proceeds were to be applied to one or more of the purposes specified in subparagraphs "a," "b," "c," "d," and "e" in paragraph 1 of the order of July 6, 1908, and no complaint is made that the proceeds received from the sale of any of the certificates were not applied to the purposes authorized.

It is contended by the appellant, under its first exception, that the contract made between the receiver and the First National Bank, in which it was agreed that any additional certificates issued by the receiver should be inferior in lien to those sold to the bank, prevented the sale and disposition of the full amount authorized by the order of July 6, 1908, and that the company was required to pay $14,500 to obtain an extension on a note, secured by the bonds of the company deposited as collateral, which had been negotiated for its benefit in New York; and it now seeks to hold the receiver personally liable in damages for the money paid to obtain the extension on the note. This cannot be done, for several reasons: First. Because the contract with the bank, before it was executed, was reported to and authorized by the court, with the consent of the president and solicitor of the appellant. Second. Because the contract did not prevent the negotiation and sale of the entire amount. If purchasers could be obtained for all of the certificates authorized, the certificates held by the bank could have been taken up, and the other certificates issued would then have become a first lien upon the property. Third. In any event the damages claimed were altogether too remote.

The receiver, acting under orders of the court, entered into a contract with Arnold & Co., contractors, for installing an overhead trol-

ley system, Arnold & Co. to receive as compensation a percentage of the cost thereof, and to have in addition thereto the use of certain equipment, owned by the railway company, while performing the work. It is insisted, under the second exception, that the value of the use of this equipment should have been charged against Arnold & Co. and deducted from their final payment. This contention is wholly without merit. The compensation to be paid Arnold & Co. was a percentage of the cost; permitting them to use the equipment of the railway company diminished the cost, and necessarily diminished the compensation to be paid them; therefore, instead of being injured, the appellant was directly benefited. In addition to this, the agreement, before it was entered into, was authorized by the court, and when Arnold & Co. presented their final account it was approved by the court and the receiver directed to pay it. These orders fully protected the receiver from any personal liability.

Affirmed.