(No. 14077.—Decree affirmed.)

EDWIN B. JENNINGS *vs.* CHARLES KOTZ *et al.*—(MARY D. KERR, Appellant, *vs.* CHARLES KOTZ, Appellee.)

*Opinion filed October 22, 1921.*

1. MORTGAGES—*when decree foreclosing a trust deed sufficiently protects rights of creditor.* Although a creditor of the maker of a trust deed has, by means of a creditor's bill and a master's sale thereon, purchased the debtor's interest in the property over and above the amount of the trust deed, a decree foreclosing the trust deed sufficiently protects the rights of such creditor where it provides for the payment of her claim in full before the debtor can redeem, and such creditor is not entitled to a conveyance nor to redeem until the debtor fails to redeem.

2. TRUSTS—*use is executed by statute upon failure to carry out object of trust.* Where title is taken in trust for the purpose of a subdivision of the property and a sale of the lots, and the objects of the trust are defeated by the failure of the trustee or its agent to carry out the agreement or to pay taxes or the interest on an incumbrance, the trust becomes stripped of its executory character and becomes a use which is executed by the statute.

3. SAME—*when trust is revocable.* A trust is revocable where the power of the trustee is not coupled with an interest in the property itself.

4. EQUITY—*extent to which equitable rights will be enforced.* Equity is based on moral right and natural justice, and while it is not co-extensive with them, equitable rights are established and enforced, in accordance with principles of equity jurisprudence, under some general principle or rule governing courts of equity.

APPEAL from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

KERR & KERR, for appellant.

299—30

SAMUEL M. BOOTH, and HENRY L. REXFORD, (CHARLES W. HADLEY, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of DuPage county by Mary D. Kerr, one of the defendants to the suit. Edwin B. Jennings filed his bill to foreclose a first trust deed made by Charles Kotz to secure a note for $15,000. Mary D. Kerr filed a cross-bill, claiming she had the sole right, as equitable owner of the fee, to redeem from any sale made, and prayed the court to so decree. A sufficient statement of the facts involved in the controversy may be made without setting out in detail the pleadings.

About 1908 Kotz, by virtue of a decree of the circuit court of DuPage county, established his right to and did redeem an eighty-acre tract of land in or near Elmhurst, in said county. In making the redemption he borrowed $15,000 from Jennings and secured the loan by a first trust deed on the land, bearing date February 25, 1909. The loan obtained from Jennings was about $4000 less than the amount required to redeem, and Kotz entered into an agreement with Ballard, Pottinger & Co., partners in the real estate business, by which they agreed to raise the balance of the money necessary to redeem on Kotz's notes, who was also to give his note for $3500 in payment for services rendered and advances made by his attorneys in the litigation conducted to establish his right to redeem. The agreement with Ballard, Pottinger & Co. further provided that, subject to the Jennings trust deed, Kotz should convey to the Chicago Title and Trust Company under a declaration of trust, by which said company agreed to hold the title, plat a subdivision as agreed upon by the parties, and make conveyances of the land in the subdivision to such persons as Kotz and Ballard, Pottinger & Co. from time to time requested. Ballard, Pottinger & Co. were to have the exclusive agency for the sale of the property, and the

proceeds of the sale were to be handled by them, first to re-imburse them for advances made, the payment of interest, taxes and carrying charges, and the balance of the proceeds of sales was to be distributed, ten per cent to Kotz, forty-five per cent on the notes executed and delivered by him, and forty-five per cent on commissions for selling, which was fixed at twenty-five per cent. March 1, 1909, Kotz executed and delivered to the Chicago Title and Trust Company a conveyance of the premises in trust, in accordance with the provisions of a trust agreement called trust No. 3538. The deed authorized the trustee to manage and subdivide the premises, to sell and convey them and generally deal with them as the lawful owner might. The deed contained a recital that the interests of all beneficiaries, and all persons claiming under them, were declared to be personal property and to be in the proceeds from the disposition of the land; that the intention was that the conveyance should vest in the trustee the entire legal and equitable title in fee. The trust agreement executed by the trustee provided that it would execute conveyances as directed by Ballard, Pottinger & Co. and not otherwise, and if any of the property was not disposed of by January 1, 1925, it should be sold at public auction. The trust agreement also provided that the interest of the beneficiaries was in the proceeds of sales, should be deemed personal property and be subject to assignment and transfer as such. The land appears to have been subdivided into 133 lots or parcels, but only 17 of the lots were sold, and the holder of the trust deed, to secure the $15,000 loan, filed his bill to foreclose it. Prior to that time Mary D. Kerr became the owner of notes executed by Kotz under his agreement with Ballard, Pottinger & Co. Kotz failing to pay them, she brought suit against him in the municipal court of Chicago and secured judgment for $11,161.32. She caused execution to be issued on the judgment, which was returned unsatisfied, no property found. She then filed a creditor's bill

in the circuit court of Cook county and procured a decree declaring that the right of Kotz under the declaration of trust was not in the nature of real estate and could not be levied on in an action at law but his equitable interest should in equity and good conscience be applied to the satisfaction of the judgment, and it was ordered if he did not pay the same within a time fixed, that all his interest and beneficial ownership in the proceeds arising from sales be sold at public sale by the master in chancery for cash, and that if Mary D. Kerr became the purchaser the master should take her receipt for the amount paid on her debt and report the same to the court, and after the sale was approved the master should execute to the purchaser an assignment and transfer of all the right, title, claim, demand, equitable interest and beneficial ownership under the declaration of trust and agreement, which was to be effective to divest Kotz of all his interest and vest the same in the purchaser. The judgment not being paid, sale was made by the master. Mary D. Kerr bid $12,160.18 and became the purchaser. The sale was reported to and approved by the court, and on May 9, 1917, the master executed to the purchaser a conveyance or assignment in accordance with the directions of the decree. Ballard died in 1916, and in 1918 Mary D. Kerr sued George E. Pottinger, personally and as surviving partner of the firm of Ballard, Pottinger & Co., and recovered a judgment for $1422. Execution being returned no property found, she filed a creditor's bill and procured a decree subjecting his interest in the proceeds of the sales to the payment of the judgment, and under that decree that interest was also sold by the master in chancery and purchased by Mary D. Kerr. She filed a cross-bill in the foreclosure suit, setting out in detail the acts of the parties and the proceedings in the courts by which she claimed to be the equitable owner of the fee, and prayed that she be decreed to be the sole beneficiary and owner of the title subject to the Jennings trust deed,

and of the equity of redemption in and to the premises, and that Kotz and Pottinger be enjoined from asserting any claim in or to the land. The cause was referred to the master in chancery to take the testimony and report his conclusions of law and fact. The master reported that all title and interest of Kotz in the land had been divested and that he had no right or equity to redeem from any sale made under any decree entered, and that the right to redeem was in Mary D. Kerr. The court sustained exceptions to those conclusions of the master and entered a decree that Kotz was the beneficial owner of the premises and entitled to redeem from any sale made under decree of foreclosure. Mary D. Kerr prosecutes this appeal from the decree.

The court decreed that appellant did not, under the creditor's bill proceeding, acquire any title to or interest in the land but she did acquire the right to participate in the proceeds of any sale made under the trust agreement, and that in justice and equity she should have a lien upon the equity of redemption of Kotz for the amount of her judgment, interest and costs, and upon payment to her of that amount the judgment should be satisfied in full and her interest terminate and end. Kotz was by the decree ordered within ten days to pay Jennings the amount due him, $15,712.33, and to appellant the amount of her judgment, $14,114.68, and in default of such payment the premises were ordered sold by the master in chancery, at which sale any party to the suit might purchase. The proceeds of the sale were to be applied first to the payment of the amount due on the trust deed and costs of foreclosure. If the proceeds of the sale were more than sufficient to pay those amounts, the remainder should be applied to the payment of appellant. If such remainder was insufficient to pay her in full it should be paid her to the extent it would reach in satisfaction of the amount due her and the deficiency be reported to the court. Kotz was decreed the right,

within twelve months from the sale, to redeem from the sale by paying to the master the amount of the sale and any deficiency necessary to pay the amount due Jennings and appellant, and in case Kotz should not redeem within twelve months, then appellant was given the right to redeem. If Kotz redeemed by the payment of the amount due Jennings and the amount due appellant and a deed was made to him by the master in chancery after the expiration of fifteen months, then the Chicago Title and Trust Company was directed to execute to him a conveyance of the premises, and if he failed to redeem and appellant redeemed, then the Chicago Title and Trust Company was directed to convey to her.

Appellant in her brief states her position to be, that under the state of the title the right to redeem is in the Chicago Title and Trust Company; that she does not claim to have acquired the right of redemption under the sale in her creditor's bill proceeding but that she acquired the right to compel a conveyance of the land to her; that she is the sole beneficiary of the trust and has the right to elect to take the land unsold in lieu of the proceeds. According to the testimony of Kotz, which was not contradicted, the land is worth $150,000, which would make the equity of redemption worth more than $100,000. The decree fully protects appellant in the collection of the entire amount of her claim. If the land at the foreclosure sale brings enough to pay Jennings and appellant she will get her money out of the proceeds of the sale. If the sale is not for enough to pay both claims in full and Kotz redeems from the sale, he can only do so by paying the claims of both Jennings and appellant in full. If he does not redeem within twelve months then appellant is given the right of redemption, so that in any event her claim is fully protected. Anything she is given beyond that is profit. If under the law she is entitled to more than the collection of her judgment, interest and costs in full, it is the duty of the court to award

it to her; but her claim that she has the right to a convey-
ance from the trustee which gives her the sole right to re-
deem, thereby wiping out all interest in the land of the
man who in all fairness and justice is entitled to any value
in it above the trust deed of Jennings and the judgment
of appellant, is not based on equitable principles and does
not appeal to the conscience of a court of equity. It should
not be allowed unless her legal right is clear. We are not
disposed to analyze or comment on the authorities cited by
appellant in support of her position. None of them are
sufficient to sustain it under the facts and circumstances in
this case.

We may briefly refer to a few facts to show the great
injustice to Kotz that would result from sustaining appel-
lant's position. The taxes were not paid on the land nor the
interest on the Jennings trust deed by Ballard, Pottinger &
Co. or the trustee, and in the seven years which elapsed
after March, 1909, only seventeen lots were sold. One of
appellant's counsel, whose firm formerly was employed by
Kotz, testified his firm advised Kotz to bring suit against
Ballard, Pottinger & Co. for breach of contract, on the
theory that they had not complied with it in their efforts
to sell lots. July 28, 1916, May 3, 1917, and August 29,
1918, Kotz filed in the recorder's office in DuPage county
notice that he had elected to terminate the agency of Bal-
lard, Pottinger & Co. and the trust agreement, giving as his
reason the failure and neglect of Ballard, Pottinger & Co.
to perform their agreement and the failure to pay taxes
on the land or interest on the Jennings mortgage. All
parties interested were notified personally of such action of
Kotz. The objects of the trust were defeated by the in-
action of those who were to carry them out, and the rule
is, that where the objects of the trust are defeated or per-
formance becomes impossible, the trust thereby becomes
stripped of its executory character and it becomes a use
which is executed by the statute. (*Meacham* v. *Steele*, 93

Ill. 135.) It is difficult to see how appellant, who claims to have acquired Kotz's right, could elect to terminate the trust and take the land if Kotz could not have done so. If Kotz could not exercise that right, it would seem appellant, whose only right in that respect was acquired from him, could not do so. The power of the trustee was not coupled with an interest in the property itself and was revocable. *Walker* v. *Denison,* 86 Ill. 142; *McKellopp* v. *Dewitz,* 42 Okla. 220; *Taylor* v. *Burns,* 203 U. S. 120.

Upon equitable rules and principles the decree can and should be sustained. To say the least, it deals very liberally with the rights of appellant and violates no rule of law that can be invoked to her advantage in a court of equity. Equity is based on moral right and natural justice, and while it is not co-extensive with them, equitable rights are established and enforced in accordance with principles of equity jurisprudence under some general principle or rule governing courts of equity. (*Steger* v. *Traveling Men's Building Ass'n,* 208 Ill. 236.) The case of *Flaherty* v. *McCormick,* 123 Ill. 525, was a suit in equity, and the court said: "On the hearing before the appellate tribunal the question is not so much as to whether the lower court ruled properly on this or that question as it is in cases at law, but whether upon the whole record the decree is right." This court said in *Glos* v. *Stuckart,* 277 Ill. 346: "Equity will not lend its aid to a complainant unless even-handed justice and good conscience demand that the relief asked should be granted."

The decree in this case is not contrary to law, is equitable and just to the parties, and it is affirmed.

*Decree affirmed.*