(No. 16538.—Decree modified and affirmed.)
ESTHER A. GROVE, Plaintiff in Error, *vs.* MARY D. KERR *et al.* Defendants in Error.

*Opinion filed October 28, 1925—Rehearing denied December 2, 1925.*

MORTGAGES—*what questions in partition suit constitute collateral attack on foreclosure decree—redemption.* Where a decree of foreclosure finds the equitable title in one of the defendants with a right of redemption, and gives another defendant a lien on the equitable title with right to make redemption in case the other fails to do so, questions involving the right of redemption cannot be raised in a subsequent partition suit, as the parties are bound by the foreclosure decree; and where the equitable owner or his devisees make no redemption within the time allowed and the lien claimant has made redemption, the court in the partition suit should not extend the time of the devisees to redeem.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

ARTHUR L. BALLAS, for plaintiff in error.

MATTHIAS CONCANNON, for defendant in error Mary D. Kerr.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Esther A. Grove, the plaintiff in error, filed a bill in the circuit court of DuPage county for partition of a certain tract of vacant and unimproved land. Mary D. Kerr was made a defendant to the bill, which alleged that she claimed to have some interest in the land but in fact had none. She answered and filed a cross-bill claiming to be the owner of the land in fee simple and prayed that the title should be quieted in her. The complainant amended her bill, representing that the claim of interest of Mrs. Kerr was without foundation and gave her no title or interest in the premises, but averring if on the hearing of the cause it should be determined that she had a just and equitable claim against the estate of Charles Kotz which was a lien or charge on the premises, the complainant was ready and willing and offered to pay, in behalf of herself and co-devisees, any just sum to which she should be found entitled, in equity and good conscience, by the decree of the court. The court on a hearing entered a decree quieting the title in Mrs. Kerr, subject to the right of the devisees of Kotz to redeem within ninety-two days by paying to the clerk, for the use of Mrs. Kerr, the sum of $43,954.46. Esther A. Grove sued out a writ of error to reverse the decree.

The controversy in the case is about the title to the land, which was at one time in Charles Kotz. The bill alleged that he was the owner at the time of his death, May 14, 1922, and that he devised a half interest therein to Bliss W. Grove and the other half to the heirs of the testator's deceased mother. Grove conveyed a fourth interest

in the land to the complainant. In 1908 the land had been sold under a decree of foreclosure and the time of redemption had expired. Kotz, who was then the owner, had brought a suit for the purpose of redeeming and obtained a decree giving him the right to redeem the land. For this purpose he borrowed $15,000 from Edwin B. Jennings, and secured its payment by executing a deed of trust to the Chicago Title and Trust Company. He also gave his notes for $7500 for money borrowed, services of attorneys and advances made by Ballard, Pottinger & Co., partners in the real estate business. He entered into an agreement to convey the property, subject to the Jennings mortgage for $15,000, to the Chicago Title and Trust Company in trust to plat a subdivision and make conveyances as Ballard, Pottinger & Co. should request from time to time. Ballard, Pottinger & Co. were to have the exclusive agency for the sale of the property, and the proceeds of the sale were to be handled by them, first, to reimburse for interest, taxes and carrying charges, and the balance to be divided, ten per cent to Kotz, forty-five per cent on his notes and forty-five per cent on commissions, which were fixed at twenty-five per cent. On March 1, 1909, Kotz conveyed the property to the Chicago Title and Trust Company in trust, and Kotz, Ballard, Pottinger & Co. and the Chicago Title and Trust Company entered into an agreement, called trust agreement No. 3538, whereby the trustee was given general power to subdivide and convey the property in accordance with the directions of Ballard, Pottinger & Co., and it was provided that the interest of the beneficiaries under the agreement should be personal property, and that the intention of the instrument was to convey the entire legal and equitable title to the property to the trustee. The land was divided into 133 lots, but only 17 or 18 of these lots were sold. Mrs. Kerr became the owner of the notes of Kotz for $7500, and on December 17, 1915, recovered a

318—38

judgment on them against the maker for $11,161.32. An execution was returned unsatisfied, and she filed a creditor's bill in the circuit court of Cook county against Kotz, the Chicago Title and Trust Company and Ballard, Pottinger & Co. to have the interest of Kotz under trust agreement No. 3538 subjected to the payment of her judgment, and obtained a decree ordering the sale of Kotz's interest in the trust unless the judgment was paid by March 15, 1917. It not being paid, the master, pursuant to the decree, sold Kotz's interest to Mrs. Kerr for the amount of the judgment, interest and costs, $12,160.18. The sale was approved, and on May 9, 1917, the master executed and delivered to Mrs. Kerr an assignment of all the right, title and beneficial interest of Kotz in the trust. Ballard died and Mrs. Kerr brought a suit against Pottinger and recovered a judgment against him, as surviving partner of Ballard, Pottinger & Co., for $1428. She filed a creditor's bill against him in the superior court of Cook county and procured a decree subjecting his interest in trust agreement No. 3538 to the payment of the judgment, under which such interest was also sold and conveyed to her by the master. Jennings brought suit to foreclose his trust deed in the circuit court of DuPage county to the January term, 1919. Kotz and Mrs. Kerr were both made parties to the bill, and Mrs. Kerr filed a cross-bill claiming to be the equitable owner of the fee and asking that she be decreed to be the sole beneficiary subject to the Jennings mortgage. Kotz answered this cross-bill and denied that she was the owner of the fee or had any equitable interest and claimed that he was the equitable owner subject to the Jennings mortgage. The court entered a decree of foreclosure, and found that by the proceedings on her creditor's bills Mrs. Kerr acquired no title or interest in the real estate but did acquire the right to participate in the proceeds received from the sale of the premises by the Chicago Title and Trust Company, and that in justice and equity she should have a lien upon the equity of redemp-

tion of Kotz for the amount of her judgment, costs and interest; that she ought to have the right to redeem; that Kotz was denied the right of redeeming from the sale under the decree of the circuit court of Cook county; that he should be given the right of redemption from the sale under the decree and from the sale in the circuit court of Cook county upon paying the amount found due Jennings and the amount due Mrs. Kerr within the first twelve months, and next and subsequent thereto Mrs. Kerr should have the right to redeem.

There was no defense to the foreclosure of the trust deed but there was an issue between Kotz and Mrs. Kerr as to which was the beneficial owner of the premises, and the court by its decree found that Kotz was such beneficial owner and entitled to redeem from any sale made under the decree. Mrs. Kerr appealed to the Supreme Court from that part of the decree fixing the relative rights of herself and Kotz, and the decree was affirmed at the October term, 1921. (*Jennings* v. *Kotz*, 299 Ill. 465.) The court decreed that Mrs. Kerr did not, by virtue of the sale under her creditor's bills, acquire any title to or interest in the land but did acquire the right to the proceeds of any sale under the trust agreement, and that in justice and equity she should have a lien upon the equity of redemption of Kotz for the amount of her judgment, interest and costs, and upon payment to her of that amount the judgment should be satisfied in full and her interest terminate. Kotz was required by the decree to pay Jennings the amount due him, $15,712.33, and to Mrs. Kerr the amount of her judgment, $14,114.68, and in default of such payment the premises were ordered to be sold by the master. Kotz was decreed the right to redeem from the sale within twelve months by paying the amount of the sale and any deficiency necessary to pay the amount due Jennings and Mrs. Kerr, and in case he should not redeem within twelve months then Mrs. Kerr was given the right to redeem. If Kotz

redeemed and a deed was made to him by the master in chancery after the expiration of fifteen months, then the Chicago Title and Trust Company was required to execute to him a conveyance of the premises, and if he failed to redeem and Mrs. Kerr redeemed, then the Chicago Title and Trust Company was directed to convey to her. This decree was entered on April 7, 1921. The appeal from the part of the decree determining the rights of Kotz and Mrs. Kerr to redeem did not operate as a *supersedeas* of the decree of foreclosure, and on June 4, 1921, the land was sold by the master in chancery to Jennings, who bid the amount of his debt, interest and costs, $16,562.86. On September 1, 1922, Mrs. Kerr deposited $22,499.70 with the master in chancery, being the full amount of the sale, taxes and interest due Jennings, and that sum was paid to Jennings, and on the same day the master executed a deed purporting to convey to Mrs. Kerr all the right, title and interest of the Chicago Title and Trust Company in the property, reciting that the Chicago Title and Trust Company refused to convey to her on request.

The bill in this case was filed on November 21, 1922. It is based on the proposition that Charles Kotz was the owner of the land at the time of his death, May 14, 1922. His interest in the land had been declared by the decree of April 7, 1921, which was affirmed in October, 1921, and he was the owner of the land subject to the Jennings mortgage and the lien of Mrs. Kerr's interest. He had the right to redeem from the sale in accordance with the terms of the decree, and upon his failure to redeem his title would be lost. He died before the expiration of the twelve months within which he had the right to redeem and this right passed to the devisees under his will. Upon their failure to exercise it within twelve months from the day of the sale it was lost. The decree, after giving Kotz the right to redeem within twelve months from the day of the sale, provided that in justice and equity Mrs. Kerr should

have a lien upon the equity of redemption of Kotz in and to the real estate for the amount of her judgment, interest and costs, and that justice required in case Kotz did not redeem within twelve months after the sale then Mrs. Kerr should have the right to redeem, and upon her doing so the Chicago Title and Trust Company should convey the premises to her, and upon its refusal to do so the master in chancery should make the conveyance.

Mrs. Kerr's redemption under the decree was not the exercise of the statutory right to redeem by a judgment creditor. Her lien was imposed by the chancellor, upon equitable principles, on Kotz's equity of redemption. In this proceeding the circuit court was bound by the decree in the foreclosure suit. It was affirmed by this court, but whether it was or not, the decree was valid against a collateral attack such as is here made. The assignments of error question the action of the court in confirming the title in Mrs. Kerr in the event the complainant and devisees of Kotz, or some of them, do not pay the money as ordered in the decree, and in decreeing that she be paid such sum of money, or any portion thereof, as a condition to granting the relief asked in the bill.

The plaintiff in error contends that the decree in *Jennings* v. *Kotz, supra,* in so far as it attempted to foreclose the alleged lien or claim of Mrs. Kerr, was not germane to the original bill to foreclose the Jennings mortgage and was erroneous; that the court erred in not finding that the judgment in favor of Mrs. Kerr and against Kotz in the municipal court of Chicago had been satisfied in full by the sale to Mrs. Kerr under the decree in her creditor's suit on the judgment, and that this court now has the power to correct the error in *Jennings* v. *Kotz*, declaring a lien on Kotz's equity for the amount of the satisfied judgment; that the trust had been revoked by Kotz and executed by the Statute of Uses prior to the proceedings under the creditor's bill and sale thereunder, and the master's assignment un-

der the decree of the circuit court of Cook county passed
no interest in the real estate, all of which was located in
DuPage county; that the decree should not have ordered
that Mrs. Kerr be reimbursed for the amount of money
paid to the master to redeem from the master's certificate
to Jennings in *Jennings* v. *Kotz;* that the right to redeem
is given by statute and not by the decree, and the acts of
Mrs. Kerr in her attempt to redeem from the Jennings cer-
tificate of sale did not give her any right or interest in the
real estate in question; that the court erred in not holding
the deed of the master to Mrs. Kerr executed and delivered
September 1, 1922, void; and that the decree in *Jennings*
v. *Kotz,* and the purported master's deed of September 1,
1922, deprived judgment creditors of their statutory right
to redeem. All these contentions seek to have the decision
in the foreclosure suit of *Jennings* v. *Kotz* reviewed and
modified or overruled. We cannot do this. The court in
that case had jurisdiction of the subject matter and the par-
ties and its decree can be reviewed only by a direct attack
for that purpose.

Robert J. Sutton recovered a judgment against Kotz in
the circuit court of DuPage county on February 5, 1922,
for $521.52, and an execution issued thereon was returned
wholly unsatisfied. He assigned cross-errors upon the rec-
ord but filed no brief on the submission of the cause, and
the cross-errors assigned by him have therefore not been
considered.

The plaintiff in error has argued that the decree in the
case of *Jennings* v. *Kotz* cut off the right of judgment cred-
itors to redeem; but no judgment creditor is complaining of
the decree in this respect, and the plaintiff in error has no
interest in the question.

The circuit court finds that because Mrs. Kerr appealed
to the Supreme Court from portions of the decree entered
on April 7, 1921, which adjudicated the respective rights
and interests of herself and Kotz, but was unsuccessful in

reversing the decree, Kotz, and those claiming under him, practically were denied the full twelve months in which to make redemption of the premises described in the decree, as provided therein, on account of the pendency of said appeal in the Supreme Court, and therefore the complainant and executor and devisees of Kotz are in equity and justice entitled to redeem the premises in the bill of complaint from the deed made by the master on September 1, 1922, upon paying the amount paid by her to the master in chancery in redemption of the premises on September 1, 1922, the amount of the equitable lien found in her favor by the decree of April 7, 1921, the general taxes on the property paid on April 9, 1923, and special assessments thereon paid May 9, 1923, together with interest on the various sums, amounting in all to the sum of $43,954.46, within ninety-two days from the day of the entry of the decree. Mrs. Kerr has assigned cross-error on this part of the decree and the part of the decree requiring her, in case of such redemption, to convey the premises to the persons depositing the redemption money. The decree of April 7, 1921, expressly gave Kotz twelve months from the day of sale to redeem. The appeal did not interfere with the sale and did not interfere with the running of the time of redemption. A tender of the amount fixed by the decree by Kotz in his lifetime, or by his devisees, or the complainant after his death, within twelve months of the sale, would have effected a redemption from the sale. The circuit court erred in extending the time of redemption and allowing a further period of redemption of ninety-two days after the entry of the decree.

The plaintiff in error argues that Mrs. Kerr, by virtue of her sales under the decrees rendered on her creditor's bills, acquired only the right to an accounting of the proceeds of the seventeen lots which were sold, but this matter, also, was determined in the decree in *Jennings* v. *Kotz* and is not open to attack in this proceeding.

The decree of the circuit court is right in all particulars except in allowing to the complainant and executor and devisees of Charles Kotz a period of ninety-two days after the entry of the decree in which to redeem from the sale. The decree will be modified by striking out this provision and as modified it will be affirmed.

*Decree modified and affirmed.*