(No. 20362.—

EMMA MURPHY, Defendant in Error, *vs.* PATRICK
MURPHY, Plaintiff in Error.

*Opinion filed February 18, 1931—Rehearing denied April 8, 1931.*

FERDINAND TUNNELL, for plaintiff in error.

J. B. HARRIS, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

This case comes from the circuit court of Madison
county on a writ of error procured by Patrick Murphy,
(herein called defendant,) alleging error in a chancery pro-
ceeding wherein Emma Murphy was awarded partition in
a tract of land which she owned with defendant as tenant
in common.

Patrick Murphy and Emma Murphy had been husband and wife, but she procured a divorce in Madison county because of his faults. The evidence and proceedings in the divorce action are not included in the record in this case except a copy of the decree of divorce, which was introduced in evidence at the hearing before the master in chancery. All presumptions, therefore, are in favor of the validity of the decree. The divorce decree, evidently in compliance with a prayer in the bill, adjusted the rights of the parties in real estate which they held in joint tenancy, and this same property is the subject matter of the partition suit. The divorce decree changed the joint tenancy to a tenancy in common, thereby terminating the right of survivorship. The decree made no award of alimony to Emma Murphy.

The errors assigned by defendant can be embodied in one issue, namely, Does a court of equity in an action for divorce have the power to change a joint tenancy of the litigating parties into a tenancy in common in adjusting and settling their property rights? By raising this issue defendant collaterally attacks the divorce decree. This he can not do. (*Clarke* v. *Lott,* 11 Ill. 105; *Marvin* v. *Collins,* 48 id. 156; *Hewitt* v. *Long,* 76 id. 399.) When a court becomes fully invested with jurisdiction its judgment is absolutely binding and conclusive in all collateral proceedings; and this is true on a trial on a bill in equity as well as in a court of law. (*Hernandez* v. *Drake,* 81 Ill. 34.) Furthermore, the changing by the divorce decree of the joint tenancy to a tenancy in common is immaterial, as section 1 of the Partition act (Smith's Stat. 1929, chap. 106, p. 2121,) gives to a joint tenant as well as to a tenant in common the right to a partition. In *Hill* v. *Reno,* 112 Ill. 154, this court held, in accordance with well settled and long established law, that the right to partition is imperative and absolutely binding upon courts of equity where a case is fairly brought within the law authorizing such proceeding. Partition has become a matter of right and not of mere grace. An ex-

amination of the conveyance creating the joint tenancy between the parties and of the divorce.decree separating them does not disclose any language restricting the right to partition or any language creating special equities that would make partition itself inequitable. Partition proceedings in chancery must conform to the Partition act. An examination of the record shows that complainant followed the requirements of the act, and consequently defendant has no ground for complaint.

The constitutional objections raised by defendant are predicated upon the joint tenancy being founded upon a contractual basis and that he has been deprived of his property without due process of law. These contentions are without merit.

The decree of the circuit court in awarding partition is affirmed.