In re 7000 SOUTH SHORE DRIVE BLDG. CORPORATION.

CHICAGO TITLE & TRUST CO. v. 7000 SOUTH SHORE DRIVE BLDG. CORPORATION.

Nos. 5764, 5806.

Circuit Court of Appeals, Seventh Circuit.

Nov. 7, 1936.

George I. Haight and Louis J. Behan, both of Chicago, Ill., for appellant.

George E. Q. Johnson, Luther D. Swanstrom, Walter E. Wiles, and Clarence A. Toolen, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Prior to the initiation of reorganization proceedings under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207), on April 24, 1930, suit had been instituted in the state court for foreclosure of a trust deed upon the property involved. Directly after the initiation of that proceedings, the court appointed appellant receiver, as provided by the trust deed, and it continued as such thereafter. Upon the appointment of a trustee in this cause, the United States District Court directed appellant to file its account as state court receiver with the federal court. It complied, and various objections to the account were filed by the debtor—among them, an exception to the disbursement of $3,000, upon the ground that it was improper and unwarranted. Upon reference, the special master recommended disallowance of the item, and upon hearing in the District Court exceptions to the Master's report were overruled. The court disallowed the credit and directed appellant to pay the amount thereof to the trustee. This appeal followed.

Appellant insists that the court was in error in refusing to allow the credit, which represented a payment made by it, in pursuance of an order of the superior court of Cook county, entered in the foreclosure proceedings, on March 29, 1934, prior to the enactment of section 77B and to the filing of the proceedings herein. By that order the court fixed the sum of $3,000 as the fair and reasonable value for services rendered in another action by counsel, who, in consideration that his claim for services would be allowed and paid, agreed that he would dismiss his suit and file an intervening petition in the foreclosure proceedings in behalf of his client, a bondholder, acquiescing in the foreclosure decree. These things he did. Upon petition for an allowance, at a hearing of which due notice was given to all the parties, the court, evidently concluding that the services had a direct relation to and effect upon the said foreclosure suit and administration of the res thereof and finding that it was for the best interests of all parties that the order be entered, directed the sum to be paid out of the rents and profits received by appellant, and to take credit therefor in its account. The payment was made in pursuance of the order, on March 30, 1934. No review was ever prayed or had.

■ Admitting that, if a court has jurisdiction of the subject matter and the issue involved falls within the same, any order adjudicating the issue, if presented by the pleadings, cannot be attacked collaterally, however, irregular or erroneous (Mellen v. Moline Malleable Iron Works, 131 U.S. 352, 9 S.Ct. 781, 33 L.Ed. 178; Balzer v. Pyles, 350 Ill. 344, 183 N.E. 215; Equitable Trust Co. v. Wilson, 200 Ill. 23, 65 N.E. 430; Richards v. People, 81 Ill. 551; Coleman v. Mulcahey, 334 Ill. 64, 165 N. E. 189; Murphy v. Murphy, 343 Ill. 234, 175 N.E. 378), appellee contends (1) that the court of equity dealing with the foreclosure had not that general jurisdiction in chancery necessary to effect an adjudication upon the issue involved and that the order is void as beyond the jurisdiction vested in that court; (2) that, the order being void, it affords no protection to the receiver who obeyed it; and (3) that, under the bankruptcy power, when the receiver filed its account in the United States District Court, that tribunal had the right and power to disallow any item of credit included therein, irrespective of any prior order of the state court with reference thereto.

■ Under the Illinois Statutes, as interpreted by the Supreme Court of that state, as well as quite generally, the jurisdiction of a court of equity, in cases seeking foreclosure of trust deeds and mortgages, is general and unlimited, so far as the res of the estate mortgaged and its disposition is concerned. First National Bank v. Bryn Mawr, etc., Corporation, 283 Ill.App. 267; Chicago Title & Trust Company v. Mack, 347 Ill. 480, 180 N.E. 412; Beach et al. v. Isacs et al., 105 Conn. 169, 134 A. 787; Davis v. First National Bank, 26 Ariz. 621, 229 P. 391; Blasingame v. Loudermilk, 132 Ark. 542, 201 S.W. 807; Federal Land Bank v. McColgan, 332 Mo. 860, 59 S.W.(2d) 1052; Ex parte Floyd, 145 S.C. 364, 142 S.E. 805. Consequently, in a foreclosure case, if an issue decided is within what is before the court, the propriety of the order may be reviewed only by appeal. Balzer v. Pyles, 350 Ill. 344, 183 N.E. 215. Thus it was held that, where the court had clearly erroneously directed the receiver in a mortgage foreclosure cause to pay rents and profits, accumulated during the pendency of foreclosure, to the purchaser of the land at foreclosure sale, the action of the receiver in compliance with the order could not be

attacked except in a direct review of the judicial action. Equitable Trust Co. v. Wilson, 200 Ill. 23, 65 N.E. 430.

■ Here the state court had jurisdiction of the parties and the subject matter. The latter included foreclosure of the trust deed and incidentally the administration of the receivership, in aid of the foreclosure. The custody of and jurisdiction over the res, the real estate and the rents and profits thereof, were lodged in the court. It was its duty, through its receiver, to conserve the res of the estate, to preserve it, and faithfully to administer it, pendente lite, for the benefit of the parties. The order of the state court directing the receiver to make the payment complained may have been erroneous. Whether the terms of the trust deed justified the order, whether other equitable reasons why it should be entered existed, we are not privileged to inquire; the subject matter and the parties being before the court and the issue submitted on proper pleadings, we may not inquire as to the wisdom of the order. Grove v. Kerr, 318 Ill. 591, 149 N. E. 517; Mellen v. Moline Malleable Iron Works, 131 U.S. 352, 9 S.Ct. 781, 33 L.Ed. 178; Chicago Title & Trust Company v. Mack, 347 Ill. 480, 180 N.E. 412; Wilson v. Smart, 324 Ill. 276, 155 N.E. 288; Murphy v. Murphy, 343 Ill. 234, 175 N.E. 378; Moore v. Jeffers, 53 Iowa, 202, 4 N.W. 1084, 1088.

■ The receiver was an officer of the court and as such bound by its orders. The property was legally in the custody of the chancellor, and the receiver held it as the nominee or arm of and for the court. It was bound to do what the court, acting within its jurisdiction, told it to ·do with respect to the income. Consequently, payments made in accordance with the chancellor's decree cannot be impeached collaterally. Reardon v. Youngquist, 189 Ill. App. 3, 12; Chapman v. Northern Trust Company, 296 Ill. 353, 129 N.E. 836, 13 A. L.R. 568; Missouri & K. Interurban Railway Co. v. Edson (C.C.A.) 198 F. 819; Killeen v. Boland, Gschwind Co., Ltd., 157 La. 566, 102 So. 672; Wells v. Farmers' State Bank of Overton, 124 Neb. 386, 246 N.W. 714.

■ True it is that, upon the filing of the petition under section 77B and approval of the same, exclusive and paramount jurisdiction over the res of the estate passed to the court of bankruptcy, which thereafter had the unimpeded right—indeed, the obligation—to draw unto itself the power of disposition of all controversies relating thereto. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; In re Sterba, 74 F.(2d) 413 (C.C.A. 7); Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215. This power being vested exclusively in the national courts, under the grant from the states in the Federal Constitution, those courts may not be impeded or interfered with in discharging their duties pursuant to legislation enacted by Congress under the bankruptcy power, in respect to anything pertaining to the administration of the assets. Despite the indisputability of these propositions, questions continually arise as to whether some particular act of Congress or of the court is within the bankruptcy power. How far Congress may go in vacating judgments of state courts affecting the res, entered after insolvency intervenes, is not now before us. We do know that vacation of a judgment or decree for money, if entered within four months, and while the debtor is insolvent, is proper. And we believe the court's power so to avoid such a judgment arises because of the insolvency of the debtor at the time it was entered and that four months is merely an arbitrary period fixed by Congress. How far Congress may go in this respect, under the bankruptcy power, it is not now necessary to decide. The only question presented is whether Congress has, by section 77B, attempted to give the bankruptcy court the power to nullify a payment by the receiver of another court, made before the enactment of the legislation, in pursuance of an order of the court appointing him, within the limits of that court's jurisdiction of the parties and the subject matter. Though the court may have the power to examine, audit, and control the accounts of any such receiver, under existing legislation, we believe it may not vacate a payment made under the circumstances recited, to a party not now before the court—a party to whom the state court has awarded the allowance.

It is said that the order of the state court was grossly irregular and erroneous. If the order was entered under a misapprehension of facts, if the payment was, in fact, made to purchase peace and the court was the victim of action savoring of duress or extortion upon the part of the party benefitting from its action, as contended, that court should be free to correct the error. Consequently, our disposition of

this appeal shall be without prejudice to the right of the trustee herein to proceed in any proper manner to assert such alleged error in the state court and to recover the money, said to have been wrongfully received, from the party to whom it was paid by the state court receiver.

The order of the United States District Court is reversed.