**WOODBURY v. PICKERING LUMBER CO.**
**(PUGET SOUND MACHINERY**
**DEPOT, Intervener).**
No. 1657.

District Court, W. D. Missouri, W. D.
Dec. 18, 1936.

Wright, Jones & Bronson, of Seattle, Wash., for intervener.

Jessie Andrews and Michaels, Blackmar, Newkirk, Eager & Swanson, all of Kansas City, Mo., for Pickering Lumber Co.

REEVES, District Judge.

Heretofore this court enjoined Puget Sound Machinery Depot from proceeding to enforce an alleged claim in a California state court. There is now pending a motion to dissolve such injunction.

After the appointment of a primary receiver and the institution of numerous ancillary receiverships, including one in the state of California, the Puget Sound Machinery Depot filed its claim in the primary jurisdiction. Subsequently, without leave of court, it instituted a suit in the state of California against Pickering Lumber Sales Company, then thought to be a subsidiary of Pickering Lumber Company, and, as an aid to the suit thus instituted by it, it employed an attachment process to seize certain property of the lumber company. By an agreement of the parties the assets thus sequestered were released and a deposit in the sum of $65,000 made in lieu thereof.

Upon numerous grounds the motion now considered should be overruled:

(1) In the first place, the claimant (the plaintiff in the California state court) submitted itself to the jurisdiction of this court when it presented its claim for allowance in the primary equity receivership. That claim was not withdrawn. Subsequently, it resorted to a state court of California. It did this notwithstanding the fact that an ancillary receiver had been appointed in the same jurisdiction. By the California suit it undertook to interfere with property constructively in the possession of the ancillary receiver.

A federal statute (Jud.Code § 66, 28 U.S.C.A. § 125) provides that a suit might be brought against a receiver without leave of court. However, this rule is subject to the limitation that, if property in the hands of the receiver is affected by such suit, and if it be an effort to interfere with property in the possession of the re-

576

ceiver, such an action cannot proceed without the special leave or permission of the court. Obviously, where the claimant had levied a writ of attachment upon property constructively in the hands of the ancillary receiver, such proceeding became a nullity because the claimant had not obtained leave to bring its suit.

■ (2) It has been held in this proceeding that Pickering Lumber Sales Company is not an independent corporation. By order of the court the corporate entity was to be dissolved, if such a decree were necessary. However, because of complications, this court permitted Pickering Lumber Sales Company to continue its operations as if it were in fact a corporate entity. The claimant in this case did not acquire any rights because of such an order. So far as it is concerned, the assets of Pickering Lumber Sales Company constituted a part of the assets of Pickering Lumber Company. Moreover, plaintiff's claim is against Pickering Lumber Company, and not against Pickering Lumber Sales Company, even if it had an independent existence.

■ (3) After a prolonged administration of the estate of Pickering Lumber Company, in equity, a petition was filed for reorganization under section 77B, Bankr. Act (11 U.S.C.A. § 207). When that was done, it divested all courts other than the court where the suit was filed of any jurisdiction whatever over any of the properties of Pickering Lumber Company. The title to the property vested in the trustees, and no question or controversy could be litigated save in the court administering the property. This means that the title to the property the claimant now seeks to reach is vested in the trustees. Even if the claimant had not heretofore submitted to the jurisdiction of this court, it would be compelled to do so now, for the reason that the property has been withdrawn from the custody of the ancillary receiver. The property is in the custody of the trustees of this court, and therefore in custody of the law.

It would not be proper to dissolve the injunction and permit the claimant to interfere in any way with the bank deposit made in lieu of the physical properties originally attached. If the claimant has any rights, it will be necessary for it to litigate such rights here.

The motion to dissolve will be overruled. It is so ordered.